THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BERNIE CLEVELAND, Defendant-Appellant.

First District (1st Division)   No. 1—07—3116

Opinion filed August 3, 2009.

Patricia Unsinn and Gilbert C. Lenz, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (James E. Fitzgerald and Mary P. Needham, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE ROBERT E. GORDON delivered the opinion of the court:

After a bench trial, defendant was convicted of one count of possession of a controlled substance, and the trial court sentenced him to a prison term of five years. On appeal, defendant raises two issues. First, defendant claims that the trial court failed to admonish him concerning his waiver of counsel for his sentencing hearing. Second, defendant claims that the fines imposed by the trial court were improper. For the reasons set forth below, we reverse and remand for a new sentencing hearing; we order defendant's fines and fees reduced from $645 to $599; and we order that his mittimus be corrected accordingly.

## BACKGROUND

On February 22, 2007, defendant Bernie Cleveland was charged by indictment with possession of a stolen motor vehicle and possession of a controlled substance. The trial court appointed the Cook County public defender to represent defendant, and an assistant public defender represented defendant from his first court appearance until his appearance on April 13, 2007. On March 27, 2007, defendant informed the trial court that he no longer wanted representation from his assistant public defender and that he wished to represent himself.

On April 13, 2007, defendant reiterated his desire to appear *pro se*. At that appearance, the trial court admonished defendant regarding his right to counsel pursuant to Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)), including explaining the charges defendant faced, explaining the potential penalties for conviction of those charges, and informing defendant that he had a right to an attorney and that if he could not afford one the court would appoint an attorney for him. Finally, the trial court asked defendant if he wished to consult his assistant public defender before making his decision, to which defendant replied that he did. After an off-the-record discussion, the assistant public defender informed the court that she had spoken to defendant and that defendant did not want her assistance, which the defendant stated was correct. After this point in time, defendant proceeded *pro se*. Defendant then informed the trial court that he desired a bench trial, and after hearing further admonishments from the trial court, he waived his right to a jury and signed a jury waiver. Since the

defendant has not raised any issue regarding his conviction, a detailed recitation of the evidence adduced at trial is omitted.

On May 23, 2007, the trial court found defendant guilty of both charges. At a court appearance on June 20, 2007, which was originally scheduled for posttrial motions and sentencing, defendant requested the assistance of counsel, both for the preparation and filing of any posttrial motions and for the sentencing hearing. The trial court again appointed an assistant public defender to represent defendant and the matter was continued to July 26, 2007, for a hearing on posttrial motions. On that date, defendant once again waived counsel, citing the assistant public defender's unwillingness to argue the motions as defendant had prepared them. The trial court informed defendant that a lawyer could read the transcript, discuss the case, look at the law and prepare appropriate posttrial motions, and twice asked defendant if he wished to have representation—to which defendant responded "no" both times. As a result, the trial court allowed defendant to proceed *pro se*, without providing further admonitions.

Defendant then argued his *pro se* posttrial motion to reconsider. Pursuant to defendant's motion, the trial court on August 9, 2007, granted defendant's motion to reconsider the guilty finding for possession of a stolen motor vehicle and dismissed that charge, but denied defendant's motion to reconsider the guilty finding for possession of a controlled substance. Also on August 9, 2007, the trial court conducted a sentencing hearing and heard arguments concerning factors in aggravation and mitigation. Defendant again appeared *pro se,* and the trial court did not inquire into defendant's desire to continue without representation for the sentencing stage process. During his argument, defendant contested the merits of this conviction on the remaining charge, and the trial court instructed the defendant not to reargue his motion to reconsider. Defendant refused to make any arguments with respect to sentencing, saying, "You can do whatever you want to do," and the trial court remarked to defendant, "you appear to be frustrated." As a result of defendant's apparent frustration, the trial court continued the proceedings to August 16, 2007.

On that date, the trial court allowed both parties to revisit sentencing. In his second opportunity to argue factors in mitigation, defendant asserted that the State must prove two prior Class 2 felony convictions for defendant's conviction "to be extendable," and noted that he did not have two prior Class 2 convictions. In addition, defendant again disputed the merits of his conviction for possession of a controlled substance. After hearing arguments from both parties, the trial court found defendant eligible for an extended Class 4 term. 720 ILCS 570/402(c) (West 2006) (conviction for possession of less than 15

grams of a substance containing cocaine, a controlled substance, is a Class 4 felony); 730 ILCS 5/5—5—3.2(b)(1) (West 2006) (a court may impose an extended-term sentence when defendant has been convicted of another felony of the same or greater class within the previous 10 years). The trial court then sentenced defendant to five years in prison out of a possible three- to six-year sentencing range. 730 ILCS 5/5—8—2(a)(6) (West 2006). In addition, the trial court imposed fines and fees totaling $645, including a $5 court system fee, $20 for the Violent Crime Victims Assistance Fund, $10 for mental health court, $5 for youth diversion/peer court, and $10 for the Arrestee's Medical Costs Fund.

## ANALYSIS

### I

Defendant first claims that he never made a valid waiver of counsel for his sentencing hearing. The United States Constitution guarantees criminal defendants the right to assistance of counsel " 'at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected' " (*People v. Baker*, 92 Ill. 2d 85, 90 (1982), quoting *Mempa v. Rhay*, 389 U.S. 128, 134, 19 L. Ed. 2d 336, 340, 88 S. Ct. 254, 257 (1967)), and "sentencing is one such stage" (*Baker*, 92 Ill. 2d at 90, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 781, 36 L. Ed. 2d 656, 661, 93 S. Ct. 1756, 1759 (1973)). Complementing this right, a criminal defendant has the corresponding right to self-representation and may proceed *pro se* provided the defendant acts knowingly and intelligently in foregoing counsel. *Faretta v. California*, 422 U.S. 806, 819, 835, 45 L. Ed. 2d 562, 572, 581-82, 95 S. Ct. 2525, 2533, 2541 (1975). However, when a trial court permits defendant to waive counsel and the waiver is not knowing and intelligent, the trial court denies defendant a substantial right and commits reversible error. *People v. Jiles*, 364 Ill. App. 3d 320, 328-30 (2006).

In Illinois, the proper procedure for a trial court to follow when defendant seeks to waive counsel is governed by Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)), which provides:

> "(a) **Waiver of Counsel.** Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> (1) the nature of the charge;
>
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." 134 Ill. 2d R. 401(a).

Supreme Court Rule 401(a) helps to ensure that a defendant's waiver is knowing and voluntary, and as a consequence, our supreme court has held that "compliance with Rule 401(a) is required for an effective waiver of counsel." *People v. Haynes*, 174 Ill. 2d 204, 236 (1996), citing *People v. Baker*, 94 Ill. 2d 129, 137 (1983). Nevertheless, the trial court need not strictly comply with the provisions of the rule; "substantial compliance will be sufficient to effectuate a valid waiver if the record indicates that the waiver was made knowingly and voluntarily, and the admonishment the defendant received did not prejudice his rights." *Haynes*, 174 Ill. 2d at 236, citing *People v. Coleman*, 129 Ill. 2d 321, 333 (1989); *People v. Johnson*, 119 Ill. 2d 119, 132 (1987).

■ Ordinarily, when a defendant makes a valid waiver of counsel, this waiver remains in place throughout the remainder of the proceedings, including posttrial stages. This principle is known as the continuing waiver rule. *Baker*, 92 Ill. 2d at 91-92. There are, however, two exceptions to this rule: "(1) the defendant later requests counsel or (2) other circumstances suggest that the waiver is limited to a particular stage of the proceedings." *People v. Palmer*, 382 Ill. App. 3d 1151, 1162 (2008), citing *Baker*, 92 Ill. 2d at 91-92. Thus, even when a defendant executes a competent waiver of counsel at some earlier stage of the proceedings, this waiver may end if defendant alters his or her stand and requests counsel at a later stage. Similarly, a valid waiver may end if the original rejection demonstrated an intent to proceed *pro se* only for a particular stage, such as for the trial alone.

■ While the defendant in the case at bar acknowledges the validity of his *original* waiver of counsel prior to and during trial, he argues that this initial waiver did not properly extend to the sentencing stage of the case. In making this claim, defendant draws on both of the exceptions to the continuing waiver rule, claiming each offers an independent justification for reversal. First, defendant claims that when he represented himself at trial *pro se* and then requested and received counsel for the posttrial process, he created a "clean slate" which required the trial court to readmonish him with respect to his right to legal representation. *Palmer*, 382 Ill. App. 3d at 1163. Defendant claims that without the proper admonishments, this second waiver of counsel was invalid.

Second, defendant claims that his second waiver of counsel was limited solely to the posttrial motion stage, not to the sentencing stage. He claims his appearance *pro se* at sentencing necessitated a

renewed inquiry from the trial court to determine if he desired counsel for sentencing. Defendant claims that, by failing to make such an inquiry, the trial court improperly denied defendant a substantial right. Defendant does not contest his original waiver of counsel and merely seeks a remand for a new sentencing hearing, not reversal of his conviction.

## A. Posttrial Admonishments

We first address defendant's argument that his posttrial request for representation required the trial court to admonish him again, when he dismissed counsel for the second time. Neither party in their respective briefs cites a case which speaks to the precise issue here: where defendant makes a valid waiver of counsel, requests counsel for a separate stage of the case, is granted the request, and then waives counsel a second time.

Defendant argues that *People v. Palmer*, 382 Ill. App. 3d 1151 (2008), illustrates the proper response by a trial court when confronted with these circumstances. In that case, defendant appealed the trial court's denial of his request for an attorney for sentencing, after he had appeared *pro se* at trial. *Palmer*, 382 Ill. App. 3d at 1162-63. The appellate court noted that since defendant's request "occurred at a new stage of the proceedings," this subsequent stage "constituted a clean slate for the trial court's consideration of the issue." *Palmer*, 382 Ill. App. 3d at 1163. Defendant's request for counsel effectively ended his original waiver, and so the appellate court reversed. *Palmer*, 382 Ill. App. 3d at 1163. From this statement, defendant argues that when a defendant who has refused counsel requests representation at a subsequent and distinct stage, the trial court must begin anew. The trial court must then admonish defendant again as if the first admonishment had never occurred. Thus, defendant argues, a completely "clean slate" exists in the case at bar.

*Palmer*, however, addresses a different situation from the instant case, in that it involves a trial court's decision to deny counsel, rather than a failure to properly inquire into defendant's further withdrawal of counsel. In addition, the "clean slate" language primarily refers to the point at which a trial court may no longer deny counsel because of defendant's earlier waiver. Only if the "clean slate" language is taken literally does *Palmer* stand for the proposition that a trial court must readmonish a defendant who waives counsel for a second time in a single case. Placed in its proper context, "clean slate" means only that a trial court can no longer use a prior waiver of counsel to deny defendant representation from that point forward. Thus, *Palmer* does not answer the precise question before this court; however, it is instructive.

Though the parties do not cite a case on all four corners with the case at bar, several Illinois cases address situations where a defendant waives counsel and claims on appeal that representation was not properly waived for later stages of the case. In *People v. Johnson*, 119 Ill. 2d 119, 144 (1987), defendant claimed that his waiver of counsel for trial, even if valid, did not extend to the posttrial stages. Our supreme court held that the admonishments defendant received prior to trial were sufficient to waive counsel for the sentencing hearing as well, in light of the continuing waiver doctrine. *People v. Johnson*, 119 Ill. 2d at 144-47. Nonetheless, the supreme court was careful to point out that "the facts in this case do not reveal any change in circumstances which might trigger the necessity to *admonish defendant anew*," an important consideration in finding that the pretrial waiver remained operative at sentencing. (Emphasis added.) *Johnson*, 119 Ill. 2d at 147.

The first question before this court is whether the case at bar represents the exception to the rule introduced in *Johnson*; that is, whether circumstances in this case demand the trial court deviate from the continuing waiver rule and admonish defendant anew before permitting him to waive counsel for the second time. While the *Johnson* court does not specify the circumstances that exist in the case at bar, the clear implication is that there *are* situations that necessitate a second set of Rule 401(a) admonishments from the trial court.

Illinois case law strongly indicates that one such circumstance occurs when a defendant waives counsel for the second time in a single case. Our supreme court in *People v. Simpson*, 172 Ill. 2d 117 (1996), reiterated the logic of *Johnson* under facts very similar to that case. The supreme court in *Simpson* concluded that the trial court did not err by neglecting to repeat its admonishments prior to sentencing, in part, because the defendant in that case "never indicated he wished to terminate his self-representation, nor did he ask that counsel be appointed." *Simpson*, 172 Ill. 2d at 138. Unlike *Johnson*, the supreme court in *Simpson* also specified the circumstances under which a defendant *would* have to be readmonished: "Circumstances requiring readmonishment before sentencing include lengthy delays between trial phases, newly discovered evidence which might require or justify advice of counsel, new charges [are] brought, or a request from defendant [for counsel]." *Simpson*, 172 Ill. 2d at 138, citing *Baker*, 92 Ill. 2d at 93-94, citing *Davis v. United States*, 226 F.2d 834, 840 (8th Cir. 1955). Such an obligation could only be relevant when a defendant makes this request and then subsequently rejects counsel for a second time. If a defendant does not waive counsel for a second time, the trial

court would have no need to readmonish the defendant concerning waiver. *Simpson*'s analysis makes sense only if it mandates readmonishment of a defendant who waives counsel for a second time in a single case.

*People v. Langley*, 226 Ill. App. 3d 742 (1992), is instructive in illustrating that prior admonishments cannot suffice under these circumstances. Defendant in that case was represented at trial by counsel but appeared *pro se* at two presentencing court appearances and at sentencing. *Langley*, 226 Ill. App. 3d at 744-45. On appeal, defendant claimed that he intended to appear *pro se* for the presentencing appearances but not for sentencing. *Langley*, 226 Ill. App. 3d at 750. However, he was not admonished at either the presentencing appearances or at sentencing itself. *Langley*, 226 Ill. App. 3d at 748-50. In response, the State argued, in part, that the admonishments defendant received during his pretrial arraignment were effective, even though defendant did not waive counsel at that time and he was represented by counsel throughout trial. *Langley*, 226 Ill. App. 3d at 749-50. Rejecting this contention, the appellate court ruled that the initial admonishments were not sufficient, and that the trial court had to admonish defendant pursuant to Supreme Court Rule 401(a) for defendant's subsequent waiver of representation to be effective. *Langley*, 226 Ill. App. 3d at 749-53.

In finding the earlier admonishments insufficient, the *Langley* court concluded:

> "The admonishments pursuant to Rule 401(a) must be provided when the court learns defendant chooses to waive counsel so that defendant can consider the ramifications of such a decision. Prior admonishments and defendant's decision to discharge counsel do not somehow cause defendant to forgo the right to be fully informed of the ramifications of acting on his own behalf." *Langley*, 226 Ill. App. 3d at 750.

While the context of this analysis differs somewhat from that of the instant case, its underlying reasoning remains pertinent. *Langley* indicates that prior admonishments are insufficient for a defendant to waive counsel for a second time when the continuing waiver rule is voided by a later request for representation, as in this case. In determining that the first admonishments did not extend to defendant's sentencing, the *Langley* court emphasized that defendant's admonishment occurred while he was still represented by counsel and before he actually sought to dismiss his attorney. *Langley*, 226 Ill. App. 3d at 749-50. Consequently, according to the reviewing court, this set of admonishments could not satisfy the requirements of Supreme Court Rule 401(a). 134 Ill. 2d R. 401(a); *Langley*, 226 Ill. App. 3d at

749. In this sense, *Langley* differs from the case at bar, because the defendant here received his admonishments on the first day of trial, when he appeared by himself and informed the trial court of his desire to proceed *pro se*. Nevertheless, by finding that the trial court's instructions during the arraignment did not bear on the defendant's knowing and intelligent waiver at the time of sentencing, the *Langley* court suggests that earlier admonishments cannot substitute for later admonishments when relevant intervening circumstances—like a defendant's request and receipt of counsel—have occurred. Though a defendant may have already heard the necessary information, this alone does not make a defendant fully informed, nor does it remove the trial court's obligation to ensure that he is fully informed.

In the case at bar, defendant made a request for counsel after waiving counsel earlier in the proceedings. This request was granted by the trial court when it reappointed the assistant public defender to help defendant with his posttrial process. Under our analysis, the trial court was required to readmonish defendant upon his second request to waive counsel. While this second set of admonishments does not require strict, technical adherence to Supreme Court Rule 401(a), substantial compliance is required. *Langley*, 226 Ill. App. 3d at 749. Absent at least substantial compliance, defendant's wavier is ineffective. *Langley*, 226 Ill. App. 3d at 749.

The record in this case indicates that the trial court did not substantially comply with the rule. Though the State insists that the trial court sufficiently admonished defendant, the evidence it points to came from the trial court's initial admonishments, which the State erroneously contends continued through to defendant's second waiver. The rule requires three admonishments: (1) the nature of the charges; (2) the minimum and maximum penalties; and (3) the right to counsel. 134 Ill. 2d R. 401(a). As noted, during defendant's second waiver of counsel, the trial court reminded defendant that appointed counsel could aid him in preparing posttrial motions, and asked defendant twice if he wanted representation, to which defendant responded "no" both times. By asking defendant if he wished to have assistance of counsel, the trial court at least implicitly informed defendant that he had a right to counsel and that the trial court would appoint counsel if defendant could not afford one, thus satisfying the third admonishment. 134 Ill. 2d R. 401(a)(3). However, the trial court did not state either the nature of the charges or the minimum and maximum penalties, as required.

In providing only one of the three necessary admonishments, the trial court's conduct in the instant case resembles the situation faced by this court in its recent decision in *People v. Phillips*, 392 Ill. App.

3d 243, 257 (2009). In *Phillips*, this court noted that on the day "defendant decided to represent himself," the trial court advised defendant regarding his possible sentencing range, but "did not discuss, on that day, the other two admonishments required by Rule 401(a)." *Phillips*, 392 Ill. App. 3d at 262. Despite that failing, this court found substantial compliance with Rule 401(a). *Phillips*, 392 Ill. App. 3d at 262. Though the trial court in *Phillips* neglected to discuss two of the three Rule 401(a) admonishments *"that day"* (emphasis added), this court was careful to note that "defendant in the case at bar was fully admonished," both nine months earlier when the possibility of waiver was first discussed at length and approximately one month later. *Phillips*, 392 Ill. App. 3d at 264. Such additional admonishments gave rise, in part, to this court's finding of substantial compliance.

In the instant case, defendant had also been fully admonished on a different date, when he waived counsel for the first time three months earlier on April 13. Nonetheless, unlike *Phillips*, the instant case involves circumstances that *Johnson* alluded to which create the "necessity to admonish defendant anew"—namely, defendant's request for, and receipt of, counsel. *Johnson*, 119 Ill. 2d at 147. Under these circumstances, in contrast to *Phillips*, defendant's earlier admonishments simply cannot suffice for substantial compliance when defendant waived counsel a second time. Indeed, as *Langley* makes clear, "prior admonishments *** do not somehow cause defendant to forgo the right to be fully informed of the ramifications of acting on his own behalf," even if defendant understood the implications of his decision when he waived counsel a second time. *Langley*, 226 Ill. App. 3d at 750. If the initial admonishments could be applied to defendant's second waiver of counsel and constitute substantial compliance with Rule 401(a), then the rule requiring defendant to be readmonished would make no sense.

*People v. Jiles*, 364 Ill. App. 3d 320 (2006), is also instructive. In that decision, the appellate court found that the trial court's partial admonishment did not constitute substantial compliance with Rule 401(a) when the trial court failed to admonish defendant regarding defendant's most serious charge. *Jiles*, 364 Ill. App. 3d at 329-30. Likewise, in the case at bar, defendant received only a partial admonishment the second time. The second time, the trial court only implicitly informed defendant of his right to counsel, but neglected to discuss the charges or penalties defendant faced. In this sense, both the case at bar and *Jiles* differ from *Phillips*, in which the defendant received a full and applicable admonishment twice during the proceedings. Significantly, this is not a case where the trial court slightly mis-

stated the sentencing terms or omitted the minimum sentence, as in *Phillips* or *Johnson*. *Phillips*, 392 Ill. App. 3d at 263; *Johnson*, 119 Ill. 2d at 132. The second time, the trial court in the case at bar completely neglected to mention two of the three explicit requirements of Rule 401(a). The trial court's admonishments upon defendant's second waiver of counsel fell so far from Rule 401(a)'s terms, they cannot be considered substantial compliance with the rule. Thus, we find that the trial court did not substantially comply with Rule 401(a), and defendant's waiver of counsel for sentencing was ineffective.

In addition, defendant was prejudiced by the absence of counsel at his sentencing hearing. Indeed, defendant's lack of legal assistance and his own ineffective advocacy during this stage of the proceedings may have contributed to the length of his sentence—five years out of a three- to six-year range. 730 ILCS 5/5—8—2(a)(6) (West 2006). During defendant's argument in mitigation at defendant's sentencing hearing, he continued to challenge the legitimacy of his conviction on the possession of a controlled substance charge, even though the trial court had already found defendant guilty of this offense and denied his motion to reconsider the guilty verdict. The trial court had to insist defendant focus on the sentencing hearing. Defendant further accused the trial court of bias toward him and refused to make any arguments with respect to sentencing. The trial court then had to pass the case, noticing defendant's apparent frustration, and resume the sentencing hearing at a later date.

On the new date, the trial court allowed both parties to reargue the sentencing issue. Again indicating his unfamiliarity with this process, defendant began his argument by reading directly from his presentence report, which contained information in the record which the trial court was already aware of. Next, after addressing several of his previous convictions, defendant stated to the court, "under state constitutional law and the sentencing guidelines, you have to have two prior sentencings [*sic*] of Class 2 or greater in order for me to be extendable. I don't have two prior Class 2's or nothing from the age after 21 years old." The record of prior Class 2 convictions to which defendant alludes, however, is only relevant to a Class X sentence, which the State did not pursue. 730 ILCS 5/5—5—3(c)(8) (West 2006). Rather, the State sought only an extended-term sentence, which may be established by another felony conviction of the same or greater class within the previous 10 years, which defendant did not dispute applied to him. 730 ILCS 5/5—5—3.2(b)(1) (West 2006). Defendant's statement regarding his criminal history thus demonstrates his ignorance of the applicable law, as he did not even understand the criteria for the sentence he faced.

Along with addressing the incorrect statute, defendant *again* encouraged the trial court to reconsider its guilty verdict on the possession charge, despite the trial court having already denied his motion to reconsider, and having previously instructed the defendant not to re-argue. Defendant's insistence on disputing the merits of the charge rather than focusing on the relevant sentencing issue once again signifies his ineffectiveness. Defendant either did not understand or refused to comply with the essential purpose of a sentencing hearing. Finally, we note that while the trial court may have had difficulty following defendant's lengthy and often disjointed soliloquy at his sentencing hearing, defendant did not appear to reference even a single mitigating factor listed in section 5—5—3.1 of the Unified Code of Corrections (730 ILCS 5/5—5—3.1 (West 2006)), which a trial court must consider in minimizing a sentence of imprisonment. A defense counsel would have highlighted to the trial court the nonviolent nature of his crime, as described in section 5—5—3.1(a)(1) (730 ILCS 5/5—5—3.1(a)(1) (West 2006)), or pointed to facts suggesting he would be unlikely to commit another crime, as described in section 5—5—3.1(a)(9) (730 ILCS 5/5—5—3.1(a)(9) (West 2006)). Yet defendant failed to argue coherently in favor of any of the grounds enumerated in the Code. As a result, the absence of counsel appears to have contributed to defendant's lengthy incarceration.

Finally, we note that for the trial court to provide the minimum sufficient admonishments would not have taken substantial time or effort. Repeating the charges and possible sentence to satisfy the express requirements of Supreme Court Rule 401(a) would have taken a small amount of time, and may well have constituted substantial compliance, particularly in conjunction with the additional comment the trial court made that counsel could aid defendant in preparing posttrial motions on his behalf. The unique circumstances of this case also ensure that this extra obligation imposed on the trial court will be an unusual occurrence. Only in situations where a defendant waives counsel, proceeds *pro se*, requests counsel for a distinct stage of the proceedings, receives counsel, and then decides to waive counsel *again* will the trial court be required to take on even this minimal additional task. Such situations will be predictably rare: defendants have no incentive to behave this way because a trial court commits no reversible error so long as it readmonishes the defendant. The burden imposed on the trial court is a small one.

In sum, we find that the trial court failed to properly admonish defendant pursuant to Supreme Court Rule 401(a) for the second time, as it was required to do. Consequently, we find defendant's waiver for his sentencing was ineffective, and we remand for new sentencing.

## B. Limited Waiver

Defendant argues in the alternative that even if the trial court was not required to readmonish defendant the second time, the cause must still be remanded because defendant never waived counsel for sentencing. In essence, this argument relies on the other exception to the continuing waiver rule articulated in *Baker*: that waiver of counsel is rendered void where "there are circumstances which suggest that the waiver was limited to a particular stage of the proceedings." *Baker*, 92 Ill. 2d at 91-92. In light of this rule, defendant contends that when he waived counsel for the second time (on July 26), this waiver was restricted to the posttrial motions stage only and did not apply to the subsequent sentencing hearing. Defendant does not rely here on the alleged insufficiency of the trial court's admonishments to suggest that his waiver was not knowing and intelligent, but instead indicates that he never waived counsel *at all* for the sentencing hearing. However, because we decide to remand the case for a new sentencing hearing based on defendant's initial claim, we do not reach this argument.

## II

Defendant also claims that the trial court improperly imposed $46 in fines and fees. Accordingly, defendant asks that the monetary judgment against him be reduced and his mittimus amended to reflect this change. Preliminarily, we note that defendant's failure to contest these fines and fees before the trial court does not bar this claim on appeal. *See People v. Roberson*, 212 Ill. 2d 430, 440 (2004) ("a sentence in conflict with a statutory guideline *** is void and may be challenged at any time"). The State concedes defendant's entire second claim.

■ First, defendant argues that the $10 mental health court charge and the $5 youth diversion/peer court charge should be vacated. Defendant in the instant case was in custody for 194 days prior to his sentencing, and pursuant to section 110—14(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110—14(a) (West 2006)), he is entitled to a $5 credit against his fines for each day he remained in custody prior to sentencing, which in this case amounts to $970, which is more than the fine so the fine is reduced to "0":

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine." 725 ILCS 5/110—14(a) (West 2006).

Moreover, while labeled as "fees," the two charges in question are in fact characterized as fines where the fine bears no relevant rela-

tionship to defendant's conviction. *People v. Price*, 375 Ill. App. 3d 684, 700-01 (2007). Much as in *Price*, where the trial court found no relevant nexus between aggravated unlawful use of a weapon and the two fees (*Price*, 375 Ill. App. 3d at 700-01), there is no connection in the case at bar between possession of narcotics and mental health court or youth diversion/peer court, and so these amounts must be construed as fines. Finally, both of the above fines are subject to the $5 daily credit. *Price*, 375 Ill. App. 3d at 702. Consequently, we apply defendant's credit to these fines and order the two charges vacated.

■ Second, defendant argues that this court should vacate the $10 charge for the Arrestee's Medical Costs Fund. The County Jail Act entitles the State to a $10 fee for every criminal conviction, but also states, "moneys in the Fund shall be used solely for reimbursement of costs for medical expenses relating to the arrestee while he or she is in the custody of the sheriff and administration of the Fund." 730 ILCS 125/17 (West 2006). The statute further defines "medical expenses relating to the arrestee" as "only those expenses incurred for medical care or treatment provided to an arrestee on account of an injury suffered by the arrestee during the course of his or her arrest." 730 ILCS 125/17 (West 2006). No evidence in the record suggests that defendant underwent any medical treatment for an injury suffered during his arrest, and as a result, this payment should also be vacated.

■ Third, defendant argues that his fine for the Violent Crime Victims Assistance Fund should be reduced from $20 to $4. The Violent Crime Victims Assistance Act does allow for such a fine, but only when "no other fine is imposed." 725 ILCS 240/10(c) (West 2006). Where there are additional fines, the Act calculates the punitive contribution to the Violent Crime Victims Assistance Fund differently, allowing for a $4 fine for every $40 in other fines imposed against defendant. 725 ILCS 240/10(b) (West 2006). In this case, because other fines totaling $25 have been imposed on defendant, defendant's Violent Crime Victims Assistance Fund fine imposed under section 10(c) must be vacated. In its place, the circuit court must impose a $4 fine pursuant to section 10(b). *People v. Jamison*, 229 Ill. 2d 184, 193 (2008) ("if a defendant were to be assessed a fine up to $40 under another statutory provision, he would pay $4 under this section").

■ Fourth, defendant contests the $5 court system fee pursuant to the Counties Code (55 ILCS 5/5—1101(a) (West 2006)). The Code states that this provision applies only upon conviction "for violation of the Illinois Vehicle Code" or "similar provisions contained in county or municipal ordinances." 55 ILCS 5/5—1101(a) (West 2006). Defendant in the instant case was convicted for possession of narcotics and this provision does not apply.

## CONCLUSION

Accordingly, for the reasons set forth above, we reverse the judgment of the circuit court of Cook County and remand for sentencing. We also order defendant's fines and fees reduced from $645 to $599, and order that his mittimus be corrected accordingly.

Reversed and remanded with instructions.

WOLFSON and GARCIA, JJ., concur.