2021 IL App (1st) 170653-U

FOURTH DIVISION
June 30, 2021

No. 1-17-0653

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12 CR 11844 |
| DOUGLAS MOCK, | ) ) | |
| Defendant-Appellant. | ) ) | |
| | ) ) ) | Honorable Kenneth J. Wadas, Judge Presiding. |

JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Martin concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Reversing defendant's conviction and remanding for a new trial where there was no substantial compliance with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) and the error affected the fairness of the defendant's trial and challenged the integrity of the judicial process.

¶ 2   A jury convicted defendant, Douglas Mock, of one count of attempted first-degree murder and three counts of aggravated battery, and the trial court sentenced him to a total of 28 years' imprisonment. On appeal, defendant contends he is entitled to a new trial as the trial court

failed to substantially comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). Also, defendant contends that, during *voir dire*, the trial court failed to ask potential jurors whether they understood the four principles contained in Illinois Supreme Court Rule 431(b) (eff. July 1, 2012). Finally, defendant contends that his sentence was excessive and that we should vacate his aggravated battery convictions since they are lesser-included offenses of attempted first-degree murder. For the following reasons, we reverse the judgment of the trial court and remand for a new trial.

¶ 3                                BACKGROUND

¶ 4      Defendant was charged by indictment with one count of attempted first-degree murder, four counts of aggravated battery, and one count of unlawful restraint based on the allegation that on May 28, 2012, defendant injured J.D. Reed (Reed) by striking his head and face. The State proceeded to trial on one count of attempted first-degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2012)) and three counts of aggravated battery (720 ILCS 5/12-3.05(a)(1), (c) (West 2012)).

¶ 5                                Pretrial

¶ 6      During pretrial proceedings on January 29, 2015, defendant informed the trial court that he wanted to proceed *pro se*. Pursuant to Illinois Supreme Court Rule 401(a) (eff. July 1, 2015), the trial court admonished defendant of the nature of the charges against him, the minimum and maximum sentences for each charge, and his right to counsel. As to each point, the court confirmed that defendant understood, and the court concluded that defendant's waiver of counsel was knowing, intelligent, and voluntary. The trial court then allowed defendant's appointed public defender to withdraw.

¶ 7      On July 20, 2015, defendant indicated that he wanted a lawyer to represent him after the

trial court denied defendant's *pro se* motion to dismiss the indictment. The trial court reappointed counsel for defendant.

¶ 8 Over a year later and while defendant was represented by the public defender, a private attorney filed a limited appearance on defendant's behalf and asked the court for leave to file a motion to dismiss. The trial court denied the private attorney leave to file a limited appearance. Then, on behalf of defendant, the private attorney filed a motion to reconsider the trial court's denial of leave to file a limited appearance, asserting in part that defendant's appointed counsel had been ineffective for failing to argue that defendant's right to a speedy trial had been violated.

¶ 9 On September 13, 2016, the date trial was set to commence, defendant's appointed counsel notified the trial court that defendant "unequivocally does not want the office of the public defender to represent him on jury trial." Defense counsel stated that she could not represent defendant as his motion to reconsider alleged that she had been ineffective. The trial court allowed the public defender to withdraw and informed defendant that "[y]ou're now on your own unless you hire a lawyer." The trial court did not readmonish defendant under Rule 401 and the matter was continued several more times before it proceeded to trial.

¶ 10                                      Trial

¶ 11 Trial commenced on November 14, 2016, with defendant proceeding *pro se*. The State's evidence at trial established that on May 28, 2012, defendant and a neighbor, Reed, were outside arguing when defendant started to chase Reed around the block. Defendant and Reed reached an alley where defendant punched Reed in the face twice. After being struck, Reed fell to the ground and defendant punched and stomped Reed's face. Reed was bloody and unresponsive as he lay in the alley. Neighbors called the police, and defendant was arrested. Reed was transported to the hospital and was diagnosed with a traumatic brain injury secondary to blunt

head trauma. At the time of trial, Reed was living in a nursing home. The State rested. Defendant moved for a directed verdict, and the motion was denied.

¶ 12    Defendant's evidence at trial established that on the day of the incident defendant's girlfriend, Ernestine Brown Russell (Russell), was sitting on defendant's porch. Several times throughout the day, Reed approached defendant's house and tried to speak with Russell, and each time defendant asked Reed to leave. Thereafter, defendant went to the store. As he walked to the store, defendant was near an alley when Reed swung a piece of wrought iron at defendant, striking him twice. The iron piece then flew from Reed's hand, and Reed fled into the alley. Defendant chased Reed because defendant was worried that Reed would retrieve another weapon. In the alley, Reed fell on the ground and grabbed defendant's legs, pulling defendant to the ground. Defendant hit Reed so he would let go. As defendant tried to stand, someone who defendant could not identify hit defendant in the jaw, and defendant fell again. Defendant hit Reed once more. Defendant stood up, and while running back to his house, called the police. When he returned to his house, he told his brother, who lived in the same building, that "I got myself into some trouble." Defendant rested.

¶ 13    After hearing closing arguments and jury instructions, the jury deliberated and ultimately found defendant guilty on all counts. The defendant then filed a motion in arrest of judgment and a motion for judgment notwithstanding the verdict or for a new trial. The trial court denied both motions. At sentencing, the trial court heard evidence in aggravation and mitigation. The trial court then merged two of the aggravated battery counts and sentenced defendant to 28 years for attempted first-degree murder and two five-year terms for aggravated battery with all counts to be served concurrently for a total of 28 years' imprisonment. Defendant filed a motion to reconsider his sentence, which the trial court denied. This appeal follows.

¶ 14                                    ANALYSIS

¶ 15    On appeal, defendant contends he is entitled to a new trial as the trial court failed to substantially comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). In addition, defendant contends that, during *voir dire*, the trial court failed to ask potential jurors whether they understood the four principles contained in Illinois Supreme Court Rule 431(b) (eff. July 1, 2012). Finally, defendant asserts that his sentence was excessive and that we should vacate his aggravated battery convictions since they are lesser-included offenses of attempted first-degree murder. For the following reasons, we find defendant's Rule 401(a) argument dispositive of this appeal.

¶ 16                        Illinois Supreme Court Rule 401(a)

¶ 17    We first address defendant's contention that the trial court failed to substantially comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984), when it failed to readmonish him prior to allowing him to proceed *pro se* during the trial. We note that defendant failed to raise this issue by contemporaneous objection or in a posttrial motion, thus forfeiting the issue on appeal. *People v. Redmond*, 2018 IL App (1st) 151188, ¶ 13. Under the plain-error doctrine, however, courts may review an unpreserved error (1) when a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) when a clear or obvious error occurred and the error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Coats*, 2018 IL 121926, ¶ 9.

¶ 18    A defendant has a fundamental right to be represented by counsel, and it is well settled that a trial court's failure to substantially comply with Rule 401(a) denies that right. *People v.*

*LeFlore*, 2013 IL App (2d) 100659, ¶ 51, *rev'd on other grounds*, 2015 IL 116799; *People v. Black*, 2011 IL App (5th) 080089, ¶ 24. Accordingly, regardless of whether the argument was preserved, whether the court's admonishments substantially complied with Rule 401(a) is reviewable under the second prong of plain error. *Id.* ¶ 24. Under the second prong of plain-error review, "[p]rejudice to the defendant is presumed because of the importance of the right involved." *People v. Herron*, 215 Ill. 2d 167, 187 (2005). There can be no plain error, however, unless we first determine that an error occurred. *People v. Pike*, 2016 IL App (1st) 122626, ¶ 109.

¶ 19      *Whether the Trial Court Substantially Complied with Rule 401(a)*

¶ 20    First, we must consider whether the trial court substantially complied with Rule 401(a). The right to counsel is "enshrined in both the United States constitution and the Illinois constitution." *Black*, 2011 IL App (5th) 080089, ¶ 11; see U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. Illinois courts have also long recognized that a defendant's right to self-representation is as basic and fundamental as the right to be represented by counsel. *People v. Wright*, 2017 IL 119561, ¶ 39; *People v. Jiles*, 364 Ill. App. 3d 320, 328 (2006).

¶ 21    Illinois Supreme Court Rule 401 guides the procedure for waiver of counsel and provides:

> "(a) Waiver of Counsel.  Any waiver of counsel shall be in open court.  The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> (1) the nature of the charge;
>
> (2) the minimum and maximum sentence prescribed by law, including,

when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

The purpose of Rule 401(a) is to ensure that a waiver of counsel is knowingly and intelligently made. *People v. Campbell*, 224 Ill. 2d 80, 84 (2006); see also *Black*, 2011 IL App (5th) 080089, ¶ 11 (noting that "[t]he gravity of a waiver requires a trial court to fully inform a defendant of both the nature of the right being abandoned and the consequences of the decision"). Illinois courts have "declined to enforce a formalistic approach to the substantive requirements outlined" in Rule 401(a). *Id.* ¶ 13. For a waiver to be effective, however, substantial compliance with Rule 401(a) is required. *Campbell*, 224 Ill. 2d at 84 (citing *People v. Haynes*, 174 Ill. 2d 204, 241 (1996)). Whether the trial court substantially complied with Rule 401(a) is a question of law that we review *de novo*. *Pike*, 2016 IL App (1st) 122626, ¶ 114.

¶ 22    During the hearing on January 29, 2015, defendant informed the trial court that he wished to proceed *pro se*, and pursuant to Rule 401(a), the trial court admonished defendant of the nature of the charges against him, the minimum and maximum sentences for each charge, and his right to counsel. The parties agree that the admonishments provided at this time complied with Rule 401(a) and that defendant effectively waived counsel. They disagree, however, on whether the trial court later failed to substantially comply with Rule 401(a) when defendant requested to proceed *pro se* for a second time on the day trial was to commence. Relying on *People v. Cleveland*, 393 Ill. App. 3d 700, 710 (2009), *overruled on other grounds,* 2011 IL 110615, ¶ 16, defendant asserts that after he requested to proceed *pro se* again, the trial court was required to readmonish defendant pursuant to Rule 401(a) and failed to do so.

¶ 23    The State responds that the trial court was not required to readmonish defendant during the same stage of proceedings, in this instance pretrial, relying on the "continuing waiver rule" as set forth in *People v. Ware*, 407 Ill. App. 3d 315, 342 (2011). The State asserts that since defendant in this case requested and was appointed counsel after his waiver of counsel during pretrial proceedings in 2015, the trial court was not required to readmonish him at the September 13, 2016, pretrial hearing.

¶ 24    Our case law is clear that where, as here, "a defendant waives counsel, proceeds *pro se*, requests counsel for a distinct stage of the proceedings, receives counsel, and then decides to waive counsel *again,* the trial court must readmonish the defendant." (Internal quotation marks omitted.) (Emphasis in original.) *People v. Washington*, 2016 IL App (1st) 131198, ¶ 60 (quoting *Cleveland*, 393 Ill. App. 3d at 712). In *Cleveland,* the defendant, before trial, discharged his counsel. The trial court properly admonished the defendant in accord with Rule 401(a) before permitting him to represent himself at trial. *Cleveland*, 393 Ill. App. 3d at 702. After the trial, the defendant requested the assistance of counsel, and the court appointed the public defender. At the hearing on the posttrial motion, the defendant fired his counsel. The court reminded the defendant that he could have the assistance of counsel, and the court offered to appoint counsel for the defendant. When the defendant declined the offer, the trial court, without any further admonishments, permitted the defendant to proceed *pro se.* The *Cleveland* court held:

> "[T]he trial court was required to readmonish defendant upon his second request to waive counsel. While this second set of admonishments does not require strict, technical adherence to Supreme Court Rule 401(a), substantial compliance is required. [Citation.] Absent at least substantial compliance, defendant's waiver is ineffective." *Id.* at 709.

The *Cleveland* court found that the trial court had substantially readmonished the defendant only

about the availability of appointed counsel to represent the defendant. Because the trial court had not reminded the defendant of the nature of the charges against him or the range of available sentences, the *Cleveland* court found the waiver of counsel for sentencing ineffective, and therefore the court remanded for resentencing.

¶ 25     As in *Cleveland*, defendant here was not readmonished of the nature of the charges against him, the minimum or maximum sentence, or his right to counsel at the September 13, 2016, hearing and the parties agree to this fact. See Ill. S. Ct. R. 401(a) (eff. July 1, 1984); *Pike*, 2016 IL App (1st) 122626, ¶ 116. Defendant was informed only that "[y]ou're now on your own unless you hire a lawyer." As no Rule 401(a) admonishments were provided, we find that there was no substantial compliance at this hearing. See *Cleveland*, 393 Ill. App. 3d at 711 (finding that the trial court failed to readmonish the defendant of the nature of the charges and the minimum and maximum sentence and that the court's readmonishment "fell so far from Rule 401(a)'s terms, they cannot be considered substantial compliance with the rule"); see also *Campbell*, 224 Ill. 2d at 84 (finding "no compliance, substantial or otherwise, with Rule 401(a)" when the trial court failed to admonish the defendant); *People v. Brzowski*, 2015 IL App (3d) 120376, ¶ 41. Accordingly, this failure to readmonish defendant pursuant to Rule 401(a) constituted error. See *Campbell*, 224 Ill. 2d at 87.

¶ 26     In reaching this conclusion we have considered the State's continuing waiver argument and find that no such waiver exists in the present case.  Under the continuing waiver rule, a valid waiver of counsel continues throughout the later stages of the proceedings, including posttrial proceedings. *Ware*, 407 Ill. App. 3d at 342. There are two exceptions to the rule: (1) when defendant later requests counsel and (2) when other circumstances suggest that the waiver is limited to a particular stage of proceedings. *Id.* (citing *Cleveland*, 393 Ill. App. 3d at 705). In

*Pike*, 2016 IL App (1st) 122626, the State asserted the same argument as it does in the case at bar. The reviewing court rejected the State's argument, however, finding it "seemingly conflated" the two exceptions of the "continuing waiver" rule. *Id.* ¶ 116. Since the defendant in *Pike* was initially admonished but later requested and received counsel, the court found that the case fell under the first exception and that the trial court was required to readmonish the defendant. *Id.* The *Pike* court found so despite the fact that both of the defendant's requests to proceed *pro se* occurred during the same stage of pretrial proceedings. See *id.* As with the defendant in *Pike*, defendant in this case was initially admonished but later requested and received counsel. Therefore, defendant's case falls under the first exception of the continuing waiver rule, and the trial court was required to readmonish defendant. See *id.*; *Ware*, 407 Ill. App. 3d at 342.

¶ 27                               *Plain-Error Analysis*

¶ 28     Having found error, we now turn to consider whether this error amounts to plain error. As stated above, an error amounts to plain error when (1) the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant or (2) the error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process. *Coats*, 2018 IL 121926, ¶ 9. In this instance, defendant argues that the trial court's error falls under the second prong because the error affected the fairness of his trial and challenged the integrity of the judicial process. He contends that the trial court's failure to admonish him under Rule 401(a) not only amounts to structural error, but is also a violation of his fundamental right to counsel and therefore the matter requires reversal for a new trial. We agree.

¶ 29     Illinois courts are clear that when a defendant fails to make a knowing and voluntary

waiver of counsel and proceeds without counsel at a "critical stage" of the proceedings, the defendant's sixth amendment right to counsel has been violated requiring reversal of his conviction and a new trial. *People v. Vernón*, 396 Ill. App. 3d 145, 153 (2009) (citing *City of Urbana v. Andrew N.B.*, 211 Ill. 2d 456, 469 (2004)); *People v. Moore*, 2014 IL App (1st) 112592-B, ¶ 39 ("a defendant is entitled to a reversal of his or her conviction without making the otherwise-requisite showing that the deprivation caused him prejudice where the complete absence of his or her right to counsel occurs at a critical stage of the case"); *Brzowski*, 2015 IL App (3d) 120376, ¶ 42; *People v. Vazquez*, 2011 IL App (2d) 091155, ¶ 14; *Black*, 2011 IL App (5th) 080089, ¶ 23; *Jiles*, 364 Ill. App. 3d at 329; *People v. Herring*, 327 Ill. App. 3d 259, 261 (2002); *People v. Stoops*, 313 Ill. App. 3d 269, 273 (2000). This is so even when the defendant fails to preserve this issue for review. See *Black*, 2011 IL App (5th) 080089, ¶ 24 (citing numerous cases where failure to issue Rule 401 admonitions was plain error). Our courts have reasoned that it is incongruous to find a defendant forfeited this issue as such a finding would improperly place the onus on the defendant to ensure his own admonishment in accord with due process. *Vernón*, 396 Ill. App. 3d at 149 (citing *People v. Whitfield*, 217 Ill. 2d 177, 188 (2005)).

¶ 30     Here, because defendant did not knowingly and voluntarily waive counsel at the September 13, 2016, hearing and proceeded *pro se* throughout his trial, he was unconstitutionally deprived counsel at a "critical stage." See *People v. Lucas*, 2019 IL App (1st) 160501, ¶ 15 ("[t]he presentation of evidence at trial is undoubtedly a critical stage ***."); *Vernón*, 396 Ill. App. 3d at 153 (asserting that a "critical stage" is a stage of a criminal proceeding where a defendant's substantial rights may be affected). Defendant's trial was thus unfair as a matter of law and he need not demonstrate prejudice other than this deprivation of counsel. See *id.* at 154; *Moore*, 2014 IL App (1st) 112592-B, ¶ 39.

¶ 31    Thus, we conclude that defendant has satisfied his burden under the second prong of the plain-error test. See *People v. Nemec*, 2019 IL App (2d) 170382, ¶ 21 (finding that the trial court's failure to admonish defendant pursuant to Rule 401(a) was plain error); *Brzowski*, 2015 IL App (3d) 120376, ¶ 47 (same); *Black*, 2011 IL App (5th) 080089, ¶ 24 (same); *Jiles*, 364 Ill. App. 3d at 328, 330 (same). We therefore reverse defendant's conviction and remand for a new trial. See *Moore*, 2014 IL App (1st) 112592-B, ¶ 39 (citing *Vernón*, 396 Ill. App. 3d at 152-53).

¶ 32    We observe that defendant raised three additional issues for our review in this appeal. As these issues will likely be resolved upon retrial, we need not consider them at this juncture. See *People v. Bryant*, 113 Ill. 2d 497, 507 (1986). Further, as we are remanding for a new trial, we must consider whether another trial would violate the double-jeopardy clause. "If the evidence presented at the first trial was sufficient for a rational trier of fact to find the essential elements of the crime had been proved beyond a reasonable doubt, no double jeopardy violation is created on retrial." *People v. Seal*, 2015 IL App (4th) 130775, ¶ 33. Defendant does not challenge the sufficiency of the evidence on appeal and we find the record contains sufficient evidence from which a jury could have found defendant guilty of attempted first-degree murder and aggravated battery beyond a reasonable doubt. Therefore, no double jeopardy violation will occur upon retrial. See *id.*

¶ 33                              CONCLUSION

¶ 34    For the reasons stated above, we reverse the judgment of the trial court and remand this case for a new trial.

¶ 35    Reversed and remanded.