THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROMELIO EVANGELISTA, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROMELIO EVANGELISTA, Defendant-Appellant.

Second District   Nos. 2—07—1022, 2—07—1023 cons.

Opinion filed July 30, 2009.

Thomas A. Lilien and Mark G. Levine, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Chicago (Lisa A. Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCHOSTOK delivered the opinion of the court:

Defendant, Romelio Evangelista, pleaded guilty to two charges of residential burglary (720 ILCS 5/19—3(a) (West 2006)). In exchange for the pleas, the State agreed to dismiss similar charges in three other cases. The trial court sentenced defendant to concurrent nine-year prison terms. Defendant appeals, contending that (1) the nine-year sentences were an abuse of discretion and (2) various fines and fees imposed by the circuit clerk must be vacated. We affirm as modified in part and vacate in part.

On August 6, 2007, defendant pleaded guilty to residential burglary in case No. 07—CF—484 and case No. 07—CF—499. In exchange for the pleas, the State agreed to dismiss charges in three other cases. There was no agreement regarding the sentences. The trial court admonished defendant about the potential penalties and the rights he was giving up by pleading guilty. The court found that the pleas were voluntary.

The factual basis for the plea in No. 07—CF—484 was that on February 21, 2007, someone broke into the home of Mark Schultz in Itasca and stole various items. A deputy sheriff investigating the incident spoke to defendant, who admitted that he and Daniel Rios broke into Schultz's home and took various items.

The factual basis for the plea in No. 07—CF—499 was that on February 12, 2007, someone entered the home of Johann Ferguson and took items without his consent. A Glen Ellyn police detective investigating the incident spoke to defendant, who admitted entering Ferguson's home and stealing various items, some of which were still in defendant's apartment.

At sentencing, police officers testified about three other burglaries and an attempted burglary for which defendant admitted he was responsible. The presentence investigation report (PSI) showed that defendant had juvenile adjudications of criminal damage to property, illegal consumption of alcohol by a minor, theft by deception, and forgery. He had adult convictions of theft, resisting a peace officer, criminal damage to property, retail theft, battery, and aggravated battery, as well as alcohol and traffic offenses. Since his arrests in these cases, defendant had been charged with possession of cannabis, consumption of alcohol by a minor, and driving with a suspended license.

The PSI further showed that defendant was 21 years old. He admitted drinking alcohol since age 10 and that he drank it every day from age 12 until he was jailed on the present charges. Defendant also used marijuana daily. He also consumed ecstacy, cocaine, and various prescription drugs. He dropped out of school when he began using drugs. He said that he participated in GED classes at the College of Du Page, but the record does not show whether he completed the program. Defendant had a three-year-old son, Isaac, who lived with his mother in Glen Ellyn. The child's mother would not allow defendant to see him, because of defendant's drug use. TASC found defendant ineligible for its services.

The trial court sentenced defendant to concurrent nine-year prison terms. The court orally ruled that no fines, only "statutory court costs," would be imposed. The court further noted that defendant had

given a DNA sample in conjunction with one of his prior convictions. In each case, the circuit clerk later imposed, among other things, a DNA analysis fee, a fee for the Arrestee's Medical Costs Fund, a charge for the Violent Crime Victims Assistance Fund, and a drug court/mental health court charge. After the court denied defendant's motion to reconsider the sentences, defendant timely appealed.

Defendant first contends that the nine-year sentences were an abuse of discretion. The trial court has the primary responsibility of fashioning an appropriate sentence. The court must base its sentencing determination on the particular circumstances of each case, considering such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *People v. Streit*, 142 Ill. 2d 13, 19 (1991); *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977). A reviewing court gives great deference to the trial court's sentencing decision because the trial judge, having observed the defendant and the proceedings, has a far better opportunity to consider these factors than the reviewing court, which must rely on the cold record. *People v. Fern*, 189 Ill. 2d 48, 55-56 (1999); *Streit*, 142 Ill. 2d at 18-19.

In considering the propriety of a sentence, the reviewing court must proceed with great caution and must not substitute its judgment for that of the trial court merely because it would have weighed the factors differently. *Streit*, 142 Ill. 2d at 19. A sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. *People v. Cabrera*, 116 Ill. 2d 474, 493-94 (1987). We will not disturb a sentence unless it was an abuse of discretion. *People v. Illgen*, 145 Ill. 2d 353, 379 (1991).

Here, in each case, defendant received a sentence below the midpoint of the 4- to 15-year sentencing range. See 720 ILCS 5/19—3(b) (West 2006); 730 ILCS 5/5—8—1(a)(4) (West 2006). However, he points to his young age, his acceptance of responsibility by pleading guilty, and his long history of drug use as mitigating factors that the trial court overlooked or to which it failed to give sufficient weight. However, none of the factors he mentions militates in favor of a shorter sentence. Although defendant was only 21 at the time of these offenses, he already had an extensive criminal history as an adult and as a juvenile. His record included juvenile adjudications for criminal damage to property, consumption of alcohol by a minor, theft by deception, and forgery, as well as adult convictions of theft, resisting a peace officer, criminal damage to property, retail theft, battery, aggravated battery, and numerous traffic and alcohol-related offenses. Moreover, the State dismissed additional charges as part of the plea agreement.

Defendant was on probation when he committed these offenses. Thus, defendant's criminal history alone would appear to warrant sentences substantially above the minimum.

Defendant also claims that he took responsibility for his actions by pleading guilty. However, given the number of charges the State dismissed in exchange for the pleas, it is not clear whether defendant was "owning up" to his conduct or merely cutting a deal for himself. In any event, this fact alone does not require minimum sentences.

Defendant finally argues that his history of drug and alcohol abuse is a mitigating factor. However, the supreme court has recognized that evidence of a defendant's drug abuse is not necessarily mitigating. See *People v. Coleman*, 183 Ill. 2d 366, 404 (1998). Here, it appears that defendant had prior opportunities for treatment in conjunction with his earlier convictions and juvenile adjudications. Defendant concedes that he is ineligible for TASC probation. Given defendant's long-standing drug abuse and his failure to avail himself of treatment, the trial court was not required to find that defendant's drug abuse was a mitigating factor. In summary, we reject defendant's challenges to his sentences and hold that the nine-year sentences were not an abuse of discretion.

Defendant next contends that several of the fines and fees assessed by the circuit clerk must be vacated. He argues that four such charges, imposed in each case, are improper: (1) a $200 DNA analysis fee; (2) a charge for the Arrestee's Medical Costs Fund; (3) a charge for the Violent Crime Victims Assistance Fund; and (4) a drug court/mental health court charge.

■ The State agrees with defendant that the DNA analysis fees must be vacated. Defendant provided a DNA sample following an earlier conviction. Although we have found no case directly on point, the obvious purpose of the statute is to collect from a convicted defendant a DNA profile to be stored in a database. See 730 ILCS 5/5—4—3(e) (West 2006). Once a defendant has submitted a DNA sample, requiring additional samples would serve no purpose. Thus, we agree with the parties that these fees must be vacated.

■ Defendant contends that the fees for the Arrestee's Medical Costs Fund must be vacated. See 730 ILCS 125/17 (West 2006). Defendant contends that the plain language of the relevant statute provides that the fee is to be imposed only when the defendant required medical treatment while in custody and, as defendant here required none, imposition of the fee was improper. The State responds that the statute's plain language creates a fund to pay the medical costs of any arrestee who requires medical treatment while in custody and, accordingly, imposes the charge following any conviction. We agree with the State.

Section 17 provides that, when a person held in custody requires medical services, the county or any private entity providing such services shall be entitled to reimbursement from the county or from the Arrestee's Medical Costs Fund. 730 ILCS 125/17 (West 2006). The statute further provides, "To the extent that such person is reasonably able to pay for such care *** he or she shall reimburse the county or arresting authority." 730 ILCS 125/17 (West 2006). The statute also provides as follows:

"The county shall be entitled to a $10 fee for each conviction or order of supervision for a criminal violation, other than a petty offense or business offense. The fee shall be taxed as costs to be collected from the defendant, if possible, upon conviction or entry of an order of supervision. The fee shall not be considered a part of the fine for purposes of any reduction in the fine.

All such fees collected shall be deposited by the county in a fund to be established and known as the Arrestee's Medical Costs Fund. Moneys in the Fund shall be used solely for reimbursement of costs for medical expenses relating to the arrestee while he or she is in the custody of the sheriff and administration of the Fund." 730 ILCS 125/17 (West 2006).

The statutory language simply does not support defendant's contention that the fee is to be collected only if the defendant requires medical services while in custody. Rather, the fee "shall *** be collected from the defendant, if possible, upon conviction or entry of an order of supervision." 730 ILCS 125/17 (West 2006). Defendant appears to confuse the first quoted paragraph, which talks about the collection of the fee, with the second quoted paragraph, which describes how the money in the fund is to be used.

Admittedly, the use of the singular, "the arrestee," in the second paragraph is potentially confusing, as it could be read to allow expending the funds received only for the particular arrestee in question. 730 ILCS 125/17 (West 2006). However, it appears from context that the legislature intended the singular "arrestee" to apply to "arrestees" in general. See 5 ILCS 70/1.03 (West 2006) ("Words importing the singular number may extend and be applied to several persons or things"). Thus, the statute can reasonably be construed as creating a fund to be used for medical expenses for all arrestees, not just for the defendant in question. Further, interpreting the statute as defendant suggests makes no sense, because the statute already requires the arrestee to reimburse the county for his medical care, if he can. Requiring an additional contribution to the fund of $10 only from those arrestees who have received medical care, but not others, is illogical.

■ Defendant next contends that the $20 assessments for the Violent Crime Victims Assistance Fund must be vacated. Defendant argues that the language of the statute provides that the assessments are fines, but the trial court ordered that no fines be imposed, and thus the clerk of court was without authority to impose the charges. The State concedes that the charges are fines, but argues that the statute makes the fines mandatory, as it provides that the fines "shall be assessed by the court." 725 ILCS 240/10(b) (West 1996). Thus, the trial court had no discretion not to impose the fines.

Although the trial court was required to impose the fines for the Violent Crime Victims Assistance Fund, the clerk of the court could not impose them on the trial court's behalf.[1] See *People v. Scott*, 152 Ill. App. 3d 868, 873 (1987) ("The clerk of a court is a nonjudicial member of the court and, as such, has no power to *** levy fines, including mandatory ones"). Thus, we vacate the fines imposed by the clerk, and we reimpose those fines ourselves. See 155 Ill. 2d R. 366(a)(5) (reviewing court may "make any order that ought to have been given or made").

■ Finally, defendant contends that the $10 drug court/mental health court assessments must be vacated. Defendant argues that these charges are fines, not fees (see *People v. Paige*, 378 Ill. App. 3d 95, 103 (2007); *People v. Price*, 375 Ill. App. 3d 684, 700-01 (2007)), and therefore the clerk was not authorized to impose them (*Scott*, 152 Ill. App. 3d at 873). The State responds that, as with the fines imposed pursuant to the Violent Crime Victims Assistance Fund, the imposition of these fines was mandatory. See *Price*, 375 Ill. App. 3d at 701 ("Although the enabling language of the statute [(55 ILCS 5/5—1101 (West 2004))] is permissive rather than mandatory ***, once a county board enacts the ordinance, the language relevant to imposing the charge is mandatory"). As with the fines for the Violent Crime Victims Assistance Fund, we vacate the fines imposed by the clerk and reimpose those fines ourselves. See 155 Ill. 2d R. 366(a)(5).

Defendant's final argument relating to fines is that, if we impose fines for both the Violent Crime Victims Assistance Fund and the drug court/mental health court, the amount of the fine to go to the Violent

---

[1]Defendant notes that the current version of the statute, as amended by Public Act 89—688(b) (Pub. Act 89—688(b), §2, eff. June 1, 1997), provides that the surcharge "shall be collected by the Circuit Court Clerk" (725 ILCS 240/10(b) (West 2008)), but that Public Act 89—688 was held to violate the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, §8). See *People v. Burdunice*, 211 Ill. 2d 264, 267 (2004). Thus, the law reverts to what it was before the amendment.

Crime Victims Assistance Fund must be modified. Defendant notes correctly that the $20 alternate fine is to be imposed only when "no other fine is imposed." 725 ILCS 240/10(c) (West 2006). However, because the assessment for the drug court/mental health court is also a fine, there is another fine imposed, and thus subsection (c) is no longer applicable. Rather, defendant's fine must be calculated pursuant to subsection (b), which provides that the court shall assess "an additional penalty of $4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2006). Here, where the only other fine was $10 on each conviction, under the statute defendant's fine totals $4 on each conviction. The statute provides that the fine is not subject to the $5-per-day credit provision of section 110—14(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110—14(a) (West 2006)).

In summary, (1) the DNA analysis fees are vacated; (2) the fees for the Arrestee's Medical Costs Fund will stand; (3) the clerk's fines for the Violent Crime Victims Assistance Fund are vacated, and a mandatory fine of $4 for that fund is hereby imposed for each conviction; and (4) the clerk's fines for the drug court/mental health court are vacated, and a mandatory fine of $10 is hereby imposed for each conviction.

The judgment of the circuit court of Du Page County is affirmed as modified in part and vacated in part.

Affirmed as modified in part and vacated in part.

ZENOFF, P.J., and McLAREN, J., concur.