SIXTH DIVISION
September 24, 2010

No. 1-09-0067

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 08 CR 636 |
| | ) | |
| RAYQUON COLEMAN, | ) | Honorable |
| | ) | Neil J. Linehan, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CAHILL delivered the opinion of the court:

Following a bench trial, defendant Rayquon Coleman was convicted of possession of a controlled substance (1 to 15 grams of cocaine) with intent to deliver and sentenced as a mandatory Class X felon (see 730 ILCS 5/5-5-3(c)(8) (West 2008)) to nine years' imprisonment with fines and fees. On appeal, defendant contends that he was erroneously assessed a $10 fee for the arrestee medical costs fund (the Fund fee) (730 ILCS 125/17 (West 2008)) because there was no evidence that he was injured, or that the county incurred medical expenses for him, while he was in the custody of the county. Defendant also contends and the State concedes that the trial court erred in assessing a $20 preliminary examination fee. 55 ILCS 5/4-2002.1(a) (West 2008).

Defendant was charged by indictment for an offense committed on or about December 9, 2007. He was convicted in November 2008 and sentenced on December 23, 2008. His sentence included the preliminary examination fee and the Fund fee.

The statute relevant to the preliminary hearing fee here provides that the "State's attorneys shall be entitled to the following fees: *** [f]or preliminary examinations for each defendant held to bail or recognizance, $20." 55 ILCS 5/4-2002.1(a) (West 2008). A preliminary

examination is a particular procedure in the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/109-3 (West 2008)), but the Code also defines a preliminary examination as "a hearing before a judge to determine if there is probable cause to believe that the person accused has committed an offense" (725 ILCS 5/102-17 (West 2008)).  Our supreme court has recently resolved this ambiguity, holding that a preliminary examination for purposes of the fee is a probable cause hearing under section 109-3 of the Code.  People v. Smith, 236 Ill. 2d 162 (2010).  The State concedes that a probable cause hearing was not held in this case because defendant was indicted, and so the preliminary examination fee was improperly assessed.

Defendant's second contention challenges his assessment of the Fund fee on the absence of evidence that he suffered injury or generated medical expenses for the county while in custody.  Defendant relies on the version of the enabling statute preceding its amendment of August 15, 2008, because it restricted spending from the Fund to fund administration and "medical expenses relating to the arrestee while he or she is in the custody of the sheriff."  730 ILCS 125/17 (West 2006).  The State refers us instead to the postamendment version because it provides that the Fund may be spent on "costs for medical expenses and administration of the fund," removing a linkage of expenditures to the defendant's medical expenses.  730 ILCS 125/17 (West 2008).  Defendant replies that if the postamendment version applies, then the Fund fee is actually a fine because it is not related to an expense incurred due to defendant and, as a fine, it violates the prohibition on *ex post facto* laws.

Before August 15, 2008, the statute provided:

"When medical or hospital services are required by any person held in custody, the county *** shall be entitled to obtain reimbursement from the Arrestee's Medical Costs Fund to the extent moneys are available from the Fund.  To the extent that the person is reasonably able to pay for that care, including reimbursement from any insurance program or from other medical benefit

programs available to the person, he or she shall reimburse the county.

The county shall be entitled to a $10 fee for each conviction or order of supervision for a criminal violation, other than a petty offense or business offense. The fee shall be taxed as costs to be collected from the defendant, if possible, upon conviction or entry of an order of supervision. The fee shall not be considered a part of the fine for purposes of any reduction in the fine.

All such fees collected shall be deposited by the county in a fund to be established and known as the Arrestee's Medical Costs Fund. Moneys in the Fund shall be used solely for reimbursement of costs for medical expenses relating to the arrestee while he or she is in the custody of the sheriff and administration of the Fund.

*** For the purposes of this Section, 'medical expenses relating to the arrestee' means only those expenses incurred for medical care or treatment provided to an arrestee on account of an injury suffered by the arrestee during the course of his or her arrest unless such injury is self-inflicted; the term does not include any expenses incurred for medical care or treatment provided to an arrestee on account of a health condition of the arrestee which existed prior to the time of his or her arrest." 730 ILCS 125/17 (West 2006).

After August 15, 2008, the statute provided:

"When medical expenses are required by any person held in custody, the county shall be entitled to obtain reimbursement from the County Jail Medical Costs Fund to the extent moneys are available from the Fund. To the extent that the person is reasonably able to pay for that care, including reimbursement from any insurance program or from other medical benefit programs available to the person, he or she shall reimburse the county.

The county shall be entitled to a $10 fee for each conviction or order of supervision for a criminal violation, other than a petty offense or business offense. The fee shall be taxed as costs to be collected from the defendant, if possible, upon conviction or entry of an order of supervision. The fee shall not be considered a part of the fine for purposes of any reduction in the fine.

All such fees collected shall be deposited by the county in a fund to be established and known as the County Jail Medical Costs Fund. Moneys in the Fund shall be used solely for reimbursement to the county of costs for medical expenses and administration of the Fund." 730 ILCS 125/17 (West 2008).

In People v. Cleveland, 393 Ill. App. 3d 700 (1st Dist., 1st Div. 2009), this court interpreted the preamendment statute to mean that the defendant could not be charged the Fund fee because there was no evidence that he incurred medical expenses while in custody. Cleveland, 393 Ill. App. 3d at 714.

In People v. Evangelista, 393 Ill. App. 3d 395 (2d Dist. 2009), this court considered a defendant's contention that the preamendment statute authorized the Fund fee only when the defendant required medical treatment while in custody and the State's contention that the statute creates an insurance fund to pay the medical costs of any arrestee who requires treatment in custody. Evangelista, 393 Ill. App. 3d at 399. The Evangelista court construed the word "arrestee" in the statute's spending limitation to refer to all arrestees rather than the particular defendant. Evangelista, 393 Ill. App. 3d at 400, citing 5 ILCS 70/1.03 (West 2006) ("Words importing the singular number may extend and be applied to several persons or things"). The statute requires an arrestee to reimburse the county for his medical care where he can, and Evangelista found that it would be illogical for the statute to require an additional $10 from only those arrestees who received medical care. Evangelista, 393 Ill. App. 3d at 400. The Fund is an insurance fund covering medical expenses incurred by all arrestees, not just the expenses of a

particular defendant. Evangelista, 393 Ill. App. 3d at 400. The Fund fee applies to convictions regardless of whether the defendant suffered injury or incurred medical expenses while in custody. Evangelista, 393 Ill. App. 3d at 399. See also People v. Elcock, 396 Ill. App. 3d 524, 539-40 (2d Dist. 2009) (following Evangelista).

In People v. Jones, 397 Ill. App. 3d 651 (1st Dist, 6th Div. 2009), *pet. for leave to appeal pending*, No. 109874, this court considered a challenge to the Fund fee under the preamendment version of the statute. Jones, 397 Ill. App. 3d at 661-63. The Jones court affirmed the assessment of the Fund fee, rejecting both the defendant's contention that there was no evidence of his injury or medical expenses related to his custody and the State's concession of error. Jones, 397 Ill. App. 3d at 661-62. The court noted the unconditional language of the statute that the county is entitled to the Fund fee for each conviction other than petty or business offenses. The Jones court found that by creating this latter exception, the legislature showed that it was capable of creating other exceptions to the county's entitlement to the Fund fee. Jones, 397 Ill. App. 3d at 662. Because the statute expressly provided that money in the Fund may be used for the arrestee's medical expenses or the administration of the Fund, the Fund served as a medical insurance policy for the defendant while in custody and benefitted him even when he required no medical services. Jones, 397 Ill. App. 3d at 662. Where a defendant incurred no medical expenses while in custody, the county could comply with the statute by using his Fund fee to pay for fund administration. Jones, 397 Ill. App. 3d at 662.

The Jones court declined to follow Cleveland because the statute expressly authorized spending Fund money on fund administration as well as the arrestee's medical expenses. Jones, 397 Ill. App. 3d at 662. While agreeing with Evangelista that the Fund is essentially medical insurance and that a particular defendant need not be injured or incur medical expenses to be assessed the Fund fee, the Jones court disagreed that the statutory reference to the medical expenses of "the arrestee" was intended to indicate something other than the individual arrestee.

5

Jones, 397 Ill. App. 3d at 662-63.

Here, we choose to follow Jones because it more closely comports with the statutory language taken as a whole. While defendant contends that he was erroneously assessed the Fund fee in violation of the preamendment statute, Jones affirms the applicability of the Fund fee to defendants not injured or treated in custody under the preamendment statute. We conclude that the trial court did not err in assessing the Fund fee.

We vacate the $20 preliminary examination fee under Supreme Court Rule 615(b)(2) (134 Ill. 2d R. 615(b)(2)). The judgment of the circuit court is affirmed in all other respects.

Affirmed in part and vacated in part.

J. GORDON, J., concurs.

R.E. GORDON, J., specially concurs.

JUSTICE ROBERT E. GORDON, specially concurring:

I concur with the opinion, and I write this special concurrence only to clarify the opinions in People v. Jones, 397 Ill. App. 3d 651 (2009), *pet. for leave to appeal pending*, No. 109874, and People v. Cleveland, 393 Ill. App. 3d 700 (2009), both of which I authored.

In Cleveland, the first division vacated a $10 charge for the Arrestee's Medical Costs Fund, on the ground that the defendant in that case had not undergone any medical treatment while in custody and that the charge should be applied only to costs for medical expenses " 'relating to the arrestee.' " Cleveland, 393 Ill. App. 3d at 714, quoting 730 ILCS 125/17 (West 2006).

Cleveland was decided on August 3, 2009. Over a month later, on September 11, 2009, the Second District released for publication People v. Evangelista, 393 Ill. App. 3d 395 (2009). In Evangelista, Justice Schostok persuasively wrote that the charge was to be collected from every defendant, in order to create a fund to pay for medical expenses for all arrestees who required medical care while in custody. Evangelista, 393 Ill. App. 3d at 400, quoting 730 ILCS 125/17 (West 2006) (the $10 charge " 'shall *** be collected from the defendant' ").

The collection of this $10 charge is authorized and discussed in two paragraphs of section 17 of the County Jail Act. 730 ILCS 125/17 (West 2006). The first of these two paragraphs states unequivocally that "[t]he county shall be entitled to a $10 fee for each conviction." 730 ILCS 125/17 (West 2006). The only exception is if the conviction is for "a petty offense or business offense." 730 ILCS 125/17 (West 2006). This paragraph does not provide an exception for defendants who had no need of medical care. Thus, the mandatory and unequivocal language of this first paragraph shows that the county is entitled to the $10 charge, whether or not a particular defendant required medical services.

Although the first paragraph is crystal clear, the Evangelista court noted that the second paragraph is "potentially confusing." Evangelista, 393 Ill. App. 3d at 400. A line in the second

paragraph states: "Moneys in the Fund shall be used solely for reimbursement of costs for medical expenses relating to the arrestee while he or she is in the custody of the sheriff and administration of the Fund." 730 ILCS 125/17 (West 2006). The Evangelista court found this line to be "potentially confusing" because "it could be read to allow expending the funds received only for the particular arrestee in question." Evangelista, 393 Ill. App. 3d at 400.

The Evangelista court rejected this potential interpretation, finding that the first paragraph governed when the charge should be collected, while the second paragraph governed how the collected moneys should be spent. Evangelista, 393 Ill. App. 3d at 400, citing 730 ILCS 125/17 (West 2006). Thus the Evangelista court found the language of the first paragraph to be controlling of the issue before it, and I now agree. See also People v. Elcock, 396 Ill. App. 3d 524, 539-40 (2d Dist. 2009) (reaffirming its holding in Evangelista and observing that the statutory scheme "requires all convicted defendants to contribute to the fund").

The Evangelista court offered an additional reason for rejecting this potential interpretation. It interpreted "the singular 'arrestee' to apply to 'arrestees' in general," and thus it transformed a singular word into a plural one. Evangelista, 393 Ill. App. 3d at 400, citing 5 ILCS 70/1.03 (West 2006) ("Words importing the singular number may extend and be applied to several persons or things").

However, there is no need to struggle to turn a singular word into a plural one, when the second paragraph goes on to direct that the moneys may also be used for "administration of the Fund." 730 ILCS 125/17 (West 2006). The second paragraph provides that the moneys could be used either for "medical expenses relating to the arrestee" or for "administration of the Fund." 730 ILCS 125/17 (West 2006).

On December 24, 2009, the sixth division decided Jones, which I authored. In Jones, the sixth division adopted the ruling by the Second District in Evangelista. Jones, 397 Ill. App. 3d at 663. We disagreed only with the Evangelista court's transformation of the singular "arrestee"

8

into a plural, as explained above, but we reached the same ultimate conclusion as the Second District.  Jones, 397 Ill. App. 3d at 663.