JUSTICE ROBERT E. GORDON, specially concurring: I concur with the opinion, and I write this special concurrence only to clarify the opinions in People v. Jones, 397 Ill. App. 3d 651 (2009), pet. for leave to appeal pending, No. 109874, and People v. Cleveland, 393 Ill. App. 3d 700 (2009), both of which I authored. In Cleveland, the first division vacated a $10 charge for the Arrestee’s Medical Costs Fund, on the ground that the defendant in that case had not undergone any medical treatment while in custody and that the charge should be applied only to “ ‘relating to the arrestee.’ ” Cleveland, 393 Ill. App. 3d at 714, quoting 730 ILCS 125/17 (West 2006). Cleveland was decided on August 3, 2009. Over a month later, on September 11, 2009, the Second District released for publication People v. Evangelista, 393 Ill. App. 3d 395 (2009). In Evangelista, Justice Schostok persuasively wrote that the charge was to be collected from every defendant, in order to create a fund to pay for medical expenses for all arrestees who required medical care while in custody. Evangelista, 393 Ill. App. 3d at 400, quoting 730 ILCS 125/17 (West 2006) (the $10 charge “ ‘shall *** be collected from the defendant’ ”). The collection of this $10 charge is authorized and discussed in two paragraphs of section 17 of the County Jail Act. 730 ILCS 125/17 (West 2006). The first of these two paragraphs states unequivocally that “[t]he county shall be entitled to a $10 fee for each conviction.” 730 ILCS 125/17 (West 2006). The only exception is if the conviction is for “a petty offense or business offense.” 730 ILCS 125/17 (West 2006). This paragraph does not provide an exception for defendants who had no need of medical care. Thus, the mandatory and unequivocal language of this first paragraph, shows that the county is entitled to the $10 charge, whether or not a particular defendant required medical services. Although the first paragraph is crystal clear, the Evangelista court noted that the second paragraph is “potentially confusing.” Evangelista, 393 Ill. App. 3d at 400. A line in the second paragraph states: “Moneys in the Fund shall be used solely for reimbursement of costs for medical expenses relating to the arrestee while he or she is in the custody of the sheriff and administration of the Fund.” 730 ILCS 125/17 (West 2006). The Evangelista court found this line to be “potentially confusing” because “it could be read to allow expending the funds received only for the particular arrestee in question.” Evangelista, 393 Ill. App. 3d at 400. The Evangelista court rejected this potential interpretation, finding that the first paragraph governed when the charge should be collected, while the second paragraph governed how the collected moneys should be spent. Evangelista, 393 Ill. App. 3d at 400, citing 730 ILCS 125/17 (West 2006). Thus the Evangelista court found the language of the first paragraph to be controlling of the issue before it, and I now agree. See also People v. Elcock, 396 Ill. App. 3d 524, 539-40 (2d Dist. 2009) (reaffirming its holding in Evangelista and observing that the statutory scheme “requires all convicted defendants to contribute to the fund”). The Evangelista court offered an additional reason for rejecting this potential interpretation. It interpreted “the singular ‘arrestee’ to apply to ‘arrestees’ in general,” and thus it transformed a singular word into a plural one. Evangelista, 393 Ill. App. 3d at 400, citing 5 ILCS 70/1.03 (West 2006) (“Words importing the singular number may extend and be applied to several persons or things”). However, there is no need to struggle to turn a singular word into a plural one, when the second paragraph goes on to direct that the moneys may also be used for “administration of the Fund.” 730 ILCS 125/17 (West 2006). The second paragraph provides that the moneys could be used either for “medical expenses relating to the arrestee” or for “administration of the Fund.” 730 ILCS 125/17 (West 2006). On December 24, 2009, the sixth division decided Jones, which I authored. In Jones, the sixth division adopted the ruling by the Second District in Evangelista. Jones, 397 Ill. App. 3d at 663. We disagreed only with the Evangelista court’s transformation of the singular “arrestee” into a plural, as explained above, but we reached the same ultimate conclusion as the Second District. Jones, 397 Ill. App. 3d at 663.