# ILLINOIS OFFICIAL REPORTS
## Supreme Court

---

### *People v. Jackson*, 2011 IL 110615

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MICHAEL JACKSON, Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. FELTON LEE, Appellant. |
| Docket Nos. | 110615, 110702 cons. |
| Filed | September 22, 2011 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The Arrestee's Medical Costs Fund provided for in the County Jail Act was held to serve as a medical insurance policy for prisoners, and the $10 fee imposed under the Act in sentencing a drug offender could not be successfully challenged on the theory that he received no medical assistance while in custody after arrest. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Sharon Sullivan and the Hon. Matthew E. Coghlan, Judges, presiding. |
| Judgment | No. 110615–Affirmed.<br>No. 110702–Appeal dismissed. |

Counsel on
Appeal

Michael J. Pelletier, State Appellate Defender, Alan D. Goldberg, Deputy Defender, and David T. Harris and Todd T. McHenry, Assistant Appellate Defenders, of the Office of the State Appellate Defender, of Chicago, for appellants.

Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins and Margaret M. Smith, Assistant State's Attorneys, of counsel), for the People.

Justices

JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Thomas, Garman, Karmeier, and Burke concurred in the judgment and opinion.

Justice Theis took no part in the decision.

**OPINION**

¶ 1   Following separate convictions, the circuit court of Cook County charged each defendant, Michael Jackson and Felton Lee, $10 for the "Arrestee's Medical Costs Fund" (medical cost assessment). 730 ILCS 125/17 (West 2006). The appellate court upheld the assessment in each case. *People v. Jackson*, No. 1-08-3464 (unpublished order under Supreme Court Rule 23); *People v. Lee*, No. 1-09-0347 (unpublished order under Supreme Court Rule 23). We allowed each defendant's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Feb. 26, 2010)), and consolidated the cases for review. In Jackson's case, we affirm the judgment of the appellate court; in Lee's case, we dismiss the appeal as improvidently granted.

¶ 2                                    I. BACKGROUND

¶ 3   Jackson and Lee were each convicted of possessing less than 15 grams of a controlled substance. 720 ILCS 570/402(c) (West 2008). The circuit court sentenced Jackson to five years' imprisonment and one year of parole, and sentenced Lee to four years' imprisonment. According to a form in each of their records, the court also imposed against Jackson and Lee various fees, costs, and fines, including $10 for the "Arrestee's Medical Costs Fund" pursuant to section 17 of the County Jail Act (730 ILCS 125/17 (West 2006)). Section 17 was amended effective August 2008, which was subsequent to defendants committing their offenses, but prior to their sentencing. Pub. Act 95-842 (eff. Aug. 15, 2008) (amending 730

ILCS 125/17 (West 2006)).[1]

¶ 4    On appeal, Jackson contended, *inter alia*, that the circuit court erroneously imposed the medical cost assessment because there was no evidence that he received any medical treatment following his arrest. Jackson relied on the preamended version of the statute. The appellate court rejected Jackson's argument. *People v. Jackson*, No. 1-08-3464, at 11-13 (unpublished order under Supreme Court Rule 23). Jackson now appeals to this court (No. 110615).

¶ 5    Before the appellate court, Lee agreed with the State that amended section 17 applied in his case, but nevertheless challenged the imposition of the medical cost assessment because he did not require or receive any medical services while in custody. *People v. Lee*, No. 1-09-0347, at 2 (unpublished order under Supreme Court Rule 23). The appellate court upheld the imposition of the medical cost assessment. *Id*. at 6-8. Lee now appeals to this court (No. 110702).

¶ 6                                    II. ANALYSIS

¶ 7    Defendants contend that the circuit court should not have imposed the medical cost assessment because they did not receive any medical services while in custody. Section 17 of the County Jail Act authorizes the medical cost assessment. Subsequent to defendants committing their offenses, but prior to their sentencing, the legislature amended section 17. Pub. Act 95-842 (eff. Aug. 15, 2008) (amending 730 ILCS 125/17 (West 2006)). Before this court, defendants present the narrow issue of whether *preamended* section 17 (730 ILCS 125/17 (West 2006)) applied only to those arrestees on whose behalf the county incurred medical expenses. Defendants expressly concede that the medical cost assessment in their cases is permissible under *amended* section 17, even though they did not receive any medical services while in custody. However, defendants now contend that amended section 17 *cannot* apply to them based on the constitutional prohibition against *ex post facto* laws (U.S. Const., art. I, §§ 9, 10; Ill. Const. 1970, art. I, § 16).

¶ 8    The State contends that the medical cost assessment functions as a health insurance fund, which benefits defendants while they are in custody regardless of whether they actually receive medical services. We agree with the State's contention, and reject defendants' argument for the following reasons.

¶ 9                                    A. Jackson

¶ 10    Jackson contends that the circuit court erroneously imposed the medical cost assessment because there was no evidence that he received any medical treatment following his arrest. We observe that at the sentencing hearing, Jackson failed to object to any aspect of his sentence. He also did not file a postsentencing motion raising this issue. Under different circumstances, we would deem this issue procedurally forfeited. See, *e.g.*, *People v. Reed*,

---

[1]Public Act 95-842 renamed the fund the "County Jail Medical Costs Fund." Therefore, defendants were charged the medical cost assessment pursuant to preamended section 17.

177 Ill. 2d 389, 394 (1997); *People v. Lykins*, 77 Ill. 2d 35, 38 (1979). However, Jackson contends that the imposition of the medical cost assessment did not conform to the requirements of preamended section 17. It is quite established that a sentence which does not conform to a statutory requirement is void (*People v. Arna*, 168 Ill. 2d 107, 113 (1995)), and a void order may be attacked at any time or in any court (*People v. Thompson*, 209 Ill. 2d 19, 25 (2004)). "A challenge to an alleged void order is not subject to forfeiture." *People v. Marshall*, 242 Ill. 2d 285, 302 (2011). Although this contention is not procedurally forfeited, it remains nonmeritorious.

¶ 11    The circuit court ordered Jackson to pay $10 to the "Arrestee's Medical Costs Fund" pursuant to preamended section 17 of the County Jail Act, which was in effect when Jackson committed his offense. Section 17 read in pertinent part as follows:

> "The county shall be entitled to a $10 fee for each conviction or order of supervision for a criminal violation, other than a petty offense or business offense. The fee shall be taxed as costs to be collected from the defendant, if possible, upon conviction or entry of an order of supervision. The fee shall not be considered a part of the fine for purposes of any reduction in the fine.
>
> All such fees collected shall be deposited by the county in a fund to be established and known as the Arrestee's Medical Costs Fund. Moneys in the Fund shall be used solely for reimbursement of costs for medical expenses relating to the arrestee while he or she is in the custody of the sheriff and administration of the Fund.
>
> For the purposes of this Section *** 'medical expenses relating to the arrestee' means only those expenses incurred for medical care or treatment provided to an arrestee on account of an injury suffered by the arrestee during the course of his or her arrest unless such injury is self-inflicted; the term does not include any expenses incurred for medical care or treatment provided to an arrestee on account of a health condition of the arrestee which existed prior to the time of his or her arrest." 730 ILCS 125/17 (West 2006).

Relying on preamended section 17 of the County Jail Act, Jackson argues that "the statute limits the use of each arrestee's money in a way that must limit the fee only to those on whose behalf the county incurred medical expenses."

¶ 12    This is a matter of statutory interpretation. The construction of a statute is a question of law, which is reviewed *de novo*. The primary objective of statutory construction is to ascertain and give effect to the intent of the legislature. The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. *People v. Garcia*, 241 Ill. 2d 416, 421 (2011); *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 603-04 (2008); *People v. Jones*, 223 Ill. 2d 569, 580-81 (2006). A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation. Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous. *Williams v. Staples*, 208 Ill. 2d 480, 487 (2004); *Sylvester v. Industrial Comm'n*, 197 Ill. 2d 225, 232 (2001). The court may consider the reason for the law, the problems sought to be remedied,

the purposes to be achieved, and the consequences of construing the statute one way or another. *Garcia*, 241 Ill. 2d at 421; *County of Du Page*, 231 Ill. 2d at 604. Also, a court presumes that the legislature did not intend to create absurd, inconvenient, or unjust results. *Garcia*, 241 Ill. 2d at 421; *People v. Christopherson*, 231 Ill. 2d 449, 454 (2008).

¶ 13     Jackson argues that the statutory references "to a specific, singular 'arrestee' " indicate that the medical cost assessment does not generally "cover costs for any or all arrestees' injuries, but rather *** is directed at individual arrests that result in injuries to individual arrestees." We disagree. Jackson's argument confuses the first above-quoted paragraph, which pertains to the collection of the assessment, with the second paragraph, which describes how the fund proceeds are to be used. See *People v. Evangelista*, 393 Ill. App. 3d 395, 400 (2009). The first paragraph unequivocally mandates that the county is entitled to the medical cost assessment for each conviction. This broad language does not place any conditions on the county's right to the assessment. See *People v. Unander*, 404 Ill. App. 3d 884, 889 (2010); *People v. Elcock*, 396 Ill. App. 3d 524, 539 (2009) ("The specific language imposing the fee shows that it is not limited to defendants who were injured during the course of their arrests."). By excluding defendants convicted of petty or business offenses, the legislature demonstrated that it was capable of creating additional exceptions to the county's entitlement to the fee. However, the legislature did not provide an exception for defendants who did not receive medical care. See *People v. Coleman*, 404 Ill. App. 3d 750, 754 (2010); *People v. Hubbard*, 404 Ill. App. 3d 100, 104-05 (2010); *People v. Jones*, 397 Ill. App. 3d 651, 662 (2009). "The plain language of the statute does not indicate the collection of the fee is dependent upon the Fund's actual use for defendant's medical care." *Unander*, 404 Ill. App. 3d at 889.

¶ 14     In contrast, the second above-quoted paragraph describes who is entitled to the fund and how it is to be used. This is a separate issue from the collection of the assessment. The statutory language expressly provided that the county use fund proceeds for reimbursement of the arrestee's medical expenses "and administration of the Fund." 730 ILCS 125/17 (West 2006). Based on this plain language, even where an individual defendant incurred no medical expenses while in custody, a county may use the medical cost assessment to administer the fund for the benefit of all arrestees. Jackson's argument renders the statutory phrase "and administration of the Fund" meaningless and superfluous. See *A.P. Properties, Inc. v. Goshinsky*, 186 Ill. 2d 524, 532-33 (1999) (rejecting construction of statute that rendered statutory phrase meaningless or superfluous).

¶ 15     Further, Jackson's interpretation of section 17 is irrational. Section 17 already requires an arrestee to reimburse the county for medical care, if he or she is reasonably able to do so. 730 ILCS 125/17 (West 2006). "Requiring an additional contribution to the fund of $10 only from those arrestees who have received medical care, but not others, is illogical." *Evangelista*, 393 Ill. App. 3d at 400. Indeed, this argument leads to the absurd result of eliminating the need for any fund at all. See *Garcia*, 241 Ill. 2d at 426 (rejecting construction of statute that produced absurd result). Rather, the fund simply served as a medical insurance policy for Jackson while he was in custody, and benefitted him even when he did not require medical aid while in custody. See *Coleman*, 404 Ill. App. 3d at 754; *Jones*, 397 Ill. App. 3d at 662.

¶ 16    Jackson relies on *People v. Cleveland*, 393 Ill. App. 3d 700, 714 (2009), in which a panel of our appellate court construed preamended section 17 to mean that the defendant could not be assessed the medical cost fee because there was no evidence that he received medical treatment while in custody. However, subsequent appellate court decisions have disavowed and declined to follow *Cleveland*. See, *e.g.*, *Coleman*, 404 Ill. App. 3d at 754; *Hubbard*, 404 Ill. App. 3d at 104; *Jones*, 397 Ill. App. 3d at 662.[2] Based on our above-stated analysis of section 17 of the County Jail Act, *People v. Cleveland*, 393 Ill. App. 3d 700, 714 (2009), is hereby overruled on this point.

¶ 17    In support of his proffered construction of preamended section 17, Jackson cites to amended section 17. Pub. Act 95-842 (eff. Aug. 15, 2008) (amending 730 ILCS 125/17 (West 2006)). Section 17 now reads in pertinent part as follows:

> "All such fees collected shall be deposited by the county in a fund to be established and known as the County Jail Medical Costs Fund. Moneys in the Fund shall be used solely for reimbursement to the county of costs for medical expenses and administration of the Fund.

> For the purposes of this Section *** 'qualified medical expenses' include medical and hospital services but do not include (i) expenses incurred for medical care or treatment provided to a person on account of a self-inflicted injury incurred prior to or in the course of an arrest, (ii) expenses incurred for medical care or treatment provided to a person on account of a health condition of that person which existed prior to the time of his or her arrest, or (iii) expenses for hospital inpatient services for arrestees enrolled for medical assistance under the Illinois Public Aid Code." 730 ILCS 125/17 (West 2008).

Jackson expressly acknowledges that, by Public Act 95-842, "the legislature stripped the statute of any limiting reference to costs relating to 'the arrestee' or 'an arrestee.' *** The statute now applies to all defendants: $10 shall be collected upon conviction, and the money can be used generally for medical costs unrelated to the specific arrestee." Jackson argues that, to give effect to amended section 17, we must presume that the references to a singular "arrestee" in preamended section 17 limited application of the medical cost assessment. We disagree.

¶ 18    A subsequent amendment to a statute may be an appropriate source for discerning legislative intent. *People v. Bratcher*, 63 Ill. 2d 534, 543 (1976). While an amendatory change in statutory language creates a presumption that it was intended to change the statute as it previously existed, the presumption is not controlling and may be overcome by other considerations. If the circumstances surrounding the amendment indicate that the legislature intended only to interpret the original statute, the presumption of an intent to change the law is rebutted. *K. Miller Construction Co. v. McGinnis*, 238 Ill. 2d 284, 299 (2010); *People v. Parker*, 123 Ill. 2d 204, 211 (1988). Circumstances which may indicate whether a statutory

---

[2]Indeed, the author of *Jones* and *Hubbard* acknowledged that he authored *Cleveland*. He has explained that *Evangelista* persuaded him that *Cleveland* was erroneous on this point. *Hubbard*, 404 Ill. App. 3d at 104; *Coleman*, 404 Ill. App. 3d at 755 (Gordon, J., specially concurring).

amendment is merely a clarification rather than a substantive change in the law include " 'whether the enacting body declared that it was clarifying a prior enactment; whether a conflict or ambiguity existed prior to the amendment; and whether the amendment is consistent with a reasonable interpretation of the prior enactment and its legislative history.' " *K. Miller Construction*, 238 Ill. 2d at 299 (quoting *Middleton v. City of Chicago*, 578 F.3d 655, 663-64 (7th Cir. 2009)).

¶ 19 In the present case, the totality of the circumstances rebut the presumption that Public Act 95-842 substantively changed section 17 of the County Jail Act. Initially, we view the deletion of references to a singular "arrestee" in amended section 17 as a clarification in language intended to more accurately convey the original legislative intent as to this section. See, *e.g.*, *People v. O'Donnell*, 116 Ill. 2d 517, 525 (1987). The purpose of both preamended and amended section 17 is to require the warden of a county jail to furnish, and keep an accurate account of, the necessary bedding, clothing, fuel, and medical aid or services "for all prisoners" in the warden's custody. 730 ILCS 125/17 (West 2006); 730 ILCS 125/17 (West 2008). One of the ways that a county funds this medical expense "for all prisoners" is to collect the $10 assessment "for each conviction or order of supervision for a criminal violation, other than a petty offense or business offense." 730 ILCS 125/17 (West 2006); 730 ILCS 125/17 (West 2008). Thus, the $10 is collected from every defendant "in order to create a fund to pay for medical expenses for all arrestees who required medical care while in custody." *People v. Hubbard*, 404 Ill. App. 3d 100, 104 (2010). Therefore, amended section 17 is consistent with our interpretation of preamended section 17. See, *e.g.*, *O'Donnell*, 116 Ill. 2d at 525; *People v. Scott*, 57 Ill. 2d 353, 359 (1974).

¶ 20 Further, the legislative history of the medical cost assessment indicates that the legislature did not intend that the amendment substantively change section 17. In 1996, during the legislative debates on the creation of the fund, the sponsor of Senate Bill 1604 stated: "It is a new fee. It is a new fee. There isn't a fee right now, and this–yeah, this sets up the–the fund that–that communities would be able to draw from to pay medical expenses of arrestees." 89th Ill. Gen. Assem., Senate Proceedings, March 26, 1996, at 35 (statements of Senator Walsh). The debate on Public Act 95-842 indicates that the legislature was focused on the reimbursement of expenses for county jail inmates who are eligible for Medicaid and the procedure for accomplishing that goal. 95th Ill. Gen. Assem., Senate Proceedings, April 17, 2008, at 102-03 (statements of Senator Haine); *Id.* at 106 (statements of Senator Radogno). The legislature did not address the subject of the county's unequivocal right to the assessment. We hold that the legislature intended Public Act 95-842 to clarify section 17 of the County Jail Act rather than to substantively change its meaning. See, *e.g.*, *K. Miller Construction*, 238 Ill. 2d at 301; *Unander*, 404 Ill. App. 3d at 890 ("the amendment makes clear the legislature's intention that the fee be collected regardless of whether a defendant incurs any injury").

¶ 21 Also, Jackson invokes the "rule of lenity." Pursuant to this canon of statutory construction, a court strictly construes ambiguous criminal statutes to afford lenity to the accused. *In re Detention of Powell*, 217 Ill. 2d 123, 142 (2005). However, the cardinal principle of statutory construction, to which all other canons and rules are subordinate, is that a court must ascertain and give effect to the intent of the legislature. *People ex rel. Sherman*

*v. Cryns*, 203 Ill. 2d 264, 279 (2003). The rule of lenity does not require a court to construe a statute so rigidly as to defeat the intent of the legislature. *Detention of Powell*, 217 Ill. 2d at 142; *Parker*, 123 Ill. 2d at 213. In the present case, we reject Jackson's invocation of the rule of lenity because his proffered construction of section 17 conflicts with the express legislative intent. See *Garcia*, 241 Ill. 2d at 426-27; *Detention of Powell*, 217 Ill. 2d at 142.

¶ 22 Having concluded that preamended section 17 of the County Jail Act authorized the imposition of the $10 medical cost assessment against Jackson, we need not address his contention that application of amended section 17 to his case would violate the constitutional prohibition against *ex post facto* laws (see U.S. Const., art. I, §§ 9, 10; Ill. Const. 1970, art. I, § 16). The circuit court did not apply amended section 17 to Jackson, but rather ordered Jackson to pay the assessment into the "Arrestee's Medical Costs Fund" pursuant to preamended section 17. Accordingly, no *ex post facto* issue is presented.

¶ 23 Lastly, we note the State's contention that amended section 17 retroactively applies to defendants who committed their offenses prior to its effective date of August 15, 2008. However, Jackson expressly concedes that amended section 17 properly authorizes imposition of the $10 medical cost assessment against all defendants regardless of whether they actually received medical services. Additionally, we have held that preamended section 17 likewise so provides, based on the same language as amended section 17. Because the same result obtains pursuant to either version of section 17, we need not discuss the retroactive application of amended section 17.

¶ 24 We hold that section 17 created a statutory scheme that requires convicted defendants to contribute to the fund because an arrestee is required to reimburse the county only to the extent that he or she is reasonably able to pay for medical aid or services received while in custody, leaving the fund to reimburse the county for the balance. See *Elcock*, 396 Ill. App. 3d at 539. We uphold the imposition of the $10 medical cost assessment against Jackson.

¶ 25                                                   B. Lee

¶ 26 Before this court, *both* defendants rely on preamended section 17. However, as the State notes, Lee took the position in the appellate court that amended section 17 applied in his case. *People v. Lee*, No. 1-09-0347, at 2 (unpublished order under Supreme Court Rule 23) ("The parties agree the post-amendment version of the statute applies in the instant case."). Thus, the State contends that Lee is precluded from challenging preamended section 17. We go further and dismiss Lee's appeal as improvidently granted.

¶ 27 In Jackson's case, we concluded that preamended section 17 authorized the $10 medical cost assessment regardless of whether defendants actually receive medical services. In our analysis of preamended section 17, we concluded that the same result obtains pursuant to amended section 17. Therefore, we now conclude that Lee's petition for leave to appeal was improvidently granted and, therefore, the appeal must be dismissed.

¶ 28                                            III. CONCLUSION

¶ 29 For the foregoing reasons, the judgment of the appellate court is affirmed in *Jackson*, and

the appeal in *Lee* is dismissed as improvidently granted.

¶ 30     No. 110615–Affirmed.

¶ 31     No. 110702–Appeal dismissed.