**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220202-U

Order filed April 18, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-22-0202 Circuit No. 19-CM-1468 |
| GARRETT S. MERCADO, | ) ) | Honorable Robert A. Miller, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Presiding Justice Holdridge and Justice Hettel concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   The court erred by imposing consecutive sentences, which resulted in an aggregate greater than the maximum aggregate allowed per statute.

¶ 2      Defendant, Garrett S. Mercado, appeals his sentence. Defendant argues that the Du Page County circuit court erred by imposing a two-year term of probation and two two-year terms of conditional discharge, all to be served consecutive to each other. Specifically, he argues that section 5-8-4(f)(2) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-4(f)(2) (West 2020)) provides that when a defendant is only sentenced for misdemeanors the aggregate

sentence cannot exceed the maximum for one Class A misdemeanor and his sentences exceed that maximum. Defendant further argues his sentences were excessive. We vacate defendant's sentence and remand.

## I. BACKGROUND

The State filed a 28-count misdemeanor complaint against defendant consisting of multiple counts of animal cruelty (510 ILCS 70/3.01(a), (b) (West 2018)) and violation of owner's duties (*id.* § 3(a)). The charges were filed against defendant following an investigation after 29 dogs died due to a fire at a kennel defendant operated. Some counts pertained to specific dogs in defendant's care and others related generally to the dogs in his care. Following a bench trial, the court found defendant guilty on six counts of violation of owner's duties and three counts of animal cruelty. The court merged various charges and determined that defendant would be sentenced on one count of violation of owner's duties, a Class B misdemeanor, and two counts of animal cruelty, Class A misdemeanors. The court sentenced defendant to 20 days in jail and 24 months' probation, followed by a consecutive term of 2 years' conditional discharge, followed by another consecutive term of 2 years' conditional discharge. Defendant filed a motion and amended motion to reconsider requesting, in part, that the court reconsider its order that the sentences run consecutively because the consecutive sentences it imposed exceeded the maximum aggregate allowed under statute. The court denied the motion and, in doing so, made clear its purpose in imposing consecutive sentences was to restrict defendant's ability to get back into a business involving dogs for as long as it could. Defendant appeals.

## II. ANALYSIS

Defendant argues that the court's imposition of consecutive sentences of one two-year term of probation and two two-year terms of conditional charge exceeded the maximum

aggregate allowed under section 5-8-4(f)(2) of the Code. 730 ILCS 5/5-8-4(f)(2) (West 2020). Defendant also argues that his sentences were otherwise excessive.

¶ 7 The instant matter involves an issue of statutory interpretation and the construction of a statute is a question of law, which we review *de novo. People v. Jackson*, 2011 IL 110615, ¶ 12. "The primary objective of statutory construction is to ascertain and give effect to the intent of the legislature. The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *Id.*

¶ 8 Sections 5-4.5-55 and 5-4.5-60 of the Code set forth the general sentencing provisions for Class A and Class B misdemeanors, respectively. 730 ILCS 5/5-4.5-55, 5-4.5-60 (West 2020). Both sections contain a subsection providing that "[t]he sentence shall be concurrent or consecutive as provided in Section 5-8-4 (730 ILCS 5/5-8-4)." *Id.* §§ 5-4.5-55(g), 5-4.5-60(g). Section 5-8-4 of the Code is titled "Concurrent and consecutive terms of imprisonment." Subsection 5-8-4(f) of the Code provides for the aggregate maximum and minimum of consecutive sentences. It states that "[w]hen sentenced only for misdemeanors, a defendant shall not be consecutively sentenced to more than the maximum for one Class A misdemeanor." *Id.* § 5-8-4(f)(2). The maximum sentence for a Class A misdemeanor is a term of imprisonment of less than one year and a term of probation or conditional discharge not exceeding two years. *Id.* § 5-4.5-55(a), (d); see also *People v. Fretch*, 2017 IL App (2d) 151107, ¶ 143 (providing that a sentence of 360 days in jail and a consecutive term of two years of probation for a Class A misdemeanor offense was authorized by statute because section 5-6-2(f) of the Code, which allows for a combination of imprisonment and probation for a single offense, "requires only that the prison and probation components of a combined sentence not exceed their respective statutory maximums as provided elsewhere in the Code").

¶ 9       The State correctly notes that the statutes do not expressly prohibit consecutive terms of conditional discharge or a term of conditional discharge consecutive to a term of probation and *People v. Wendt*, 163 Ill. 2d 346, 353 (1994), allows probation to be consecutive to another non-probation sentence. However, although the type of consecutive sentences involved here are not prohibited, the aggregate duration exceeds the maximum allowed. Here, the plain language of the applicable statutes limits the aggregate of the consecutive sentences imposed on defendant for his misdemeanor convictions to the maximum sentence for one Class A misdemeanor. Specifically, the general Class A and B misdemeanor sentencing statutes state that the sentence shall be concurrent or consecutive as provided in section 5-8-4, and section 5-8-4(f)(2) provides that the aggregate maximum of consecutive sentences for misdemeanors is the maximum for one Class A misdemeanor.

¶ 10      Although section 5-8-4 is titled "Concurrent and consecutive terms of imprisonment" and defendant's sentences involve consecutive terms of conditional discharge and probation, the drafters of sections 5-4.5-55 and 5-4.5-60 were presumably aware of section 5-8-4's title when they drafted the language directing the reader to section 5-8-4 and could have included language limiting the application of that section to when the misdemeanor sentences were solely terms of imprisonment, but they did not. See *Kloeppel v. Champaign County Board*, 2021 IL App (4th) 210091, ¶ 16 ("When comparing and construing related statutes, '[w]e presume the legislature *** acted rationally and with full knowledge of other statutes and judicial decisions concerning existing law.' " (quoting *Village of Chatham v. County of Sangamon*, 351 Ill. App. 3d 889, 895 (2004))). Thus, the apparent intent of the drafters is that section 5-8-4 applies to misdemeanor sentences regardless of whether the sentences are terms of imprisonment or other sentences allowed under sections 5-4.5-55 and 5-4.5-60. Further, the language providing that misdemeanor

4

sentences would be concurrent or consecutive as provided in section 5-8-4, does not limit the application of section 5-8-4 to certain subsections contained therein or to certain determinations, such as the decision of whether to impose consecutive or concurrent sentences. Rather, it states "as provided in Section 5-8-4" and therefore, the apparent intent based on the plain language is that section 5-8-4 applies in its entirety. Thus, section 5-8-4(f)(2) which limits the aggregate maximum of consecutive misdemeanor sentences to the maximum sentence for one Class A misdemeanor applies to consecutive sentences imposed for misdemeanors regardless of whether the sentences include imprisonment, probation, and/or conditional discharge. As such, although the court could make defendant's sentences consecutive to each other, the total could not exceed the maximum sentence for one Class A misdemeanor. Because defendant's sentences exceed that maximum, we necessarily vacate them and remand the matter for resentencing. In doing so, we note that the court had good intentions in sentencing defendant, and the court was understandably of the opinion that defendant's ability to engage in business involving dogs should be restricted for an extended period of time; however, the applicable statutes do not allow for the consecutive sentences imposed here, and we are required to vacate them.

¶ 11 In light of our disposition, we need not reach defendant's alternative argument that his sentences were otherwise excessive. As defendant does not challenge his convictions, we affirm the convictions, but vacate his sentences and remand for resentencing.

¶ 12 III. CONCLUSION

¶ 13 The judgment of the circuit court of Du Page County is affirmed in part, vacated in part, and remanded.

¶ 14 Affirmed in part, vacated in part, and remanded.

5